Curia, per Savage, Ch. J.
The only question is, whether the notice of the 2d of March was a compliance with the 10th proposal in the policy. That proposal is brought over from the English policies, where it is held to be a condition precedent; and the clause connected with it, which relates to the certificate of third persons, has been the subject of several decisions confining the plaintiff with great strictness to the persons named. (2 Condy’s Marsh. 808, 813, and the cases there cited.) I am not aware of any case which goes into the form of the notice, and the affidavit of the party. Undoubtedly these must be furnished, according to the policy, a certain-number of days before *649 an action can be brought; but it is another question what - they should contain. The clause requiring proof of loss in marine policies, has been construed with considerable liberality. The court have looked to circumstances; and required no more information of the party than what appeared to be within his control. In Lawrence v. The Ocean Ins. Co., (11 John. 260,) Thompson, J., in delivering the opinion of the court, says the clause “ requires only reasonable information to be given to the underwriters; so that they can be enabled to form some estimate of their rights and duties, before they are obliged to pay. This clause has always been liberally expounded; and is construed to require only the best evidence of the fact which the party possesses at the time. Such has been the uniform construction put upon it by this ‘“court. 2 John. Rep. 136; 8 John Rep. 317.” The clause itself in the policy before us, expressly contemplates the latitude arising from circumstances. The account of the loss or damage is to be as particular as the nature of the case will admit of; and we think, after the total destruction of those papers which alone could furnish accurate details, the notice of the 2d of March was sufficient. [1]
The non-suit must, therefore, be set aside, and a new trial granted.
Eule accordingly.

 If the insurer puts his refusal to pay upon other grounds, his objection to the absence or imperfection of preliminary proofs will he considered waived. (McMasters v. The West Chester Mutual Ins. Co., 25 Wen. 379; Ætna Fire Ins. Co. v. Tyler, 16 Wen. 385.
Preliminary proofs were made forthwith after a fire, and delivered to the assurer at his request before copies were taken, and he subsequently, after repeated evasions, finally refused to furnish copies; held, that a new set of preliminary proofs furnished nearly four months after the fire, was, under the circumstances of the case, in season. Cornell v. Le Roy, 9 Wen. 163.
See also McLaughlin v. Washington Co. Mutual Ins. Company, 23 Wend. 525; Lawrence v. Ocean Ins. Co., 11 John. Rep. 260; 8 John. Rep. 311.