DRUMMOND KENNEDY et al., Plaintiffs in Error, v. THE PEOPLE,
Defendants in Error.

#### ERROR TO WILL.

A *scire facias* addressed to a sheriff of one county, and served by the sheriff of
another county, is a nullity.
A *scire facias* upon a recognizance should show that the recognizance was de-
clared forfeited by the court.
A formal judgment of forfeiture should be pronounced upon a recognizance be-
fore a *scire facias* can properly issue against the cognizors.

THE judgment in this case was pronounced by HENDER-
SON, Judge, at September term, 1852, of Will County Circuit
Court.

T. L. DICKEY and W. P. BOYD, for plaintiffs in error.

W. H. WALLACE, for the people.

TREAT, C. J. This was a proceeding by *scire facias* to re-
cover the amount of a recognizance. The *scire facias* recited
that Drummond Kennedy and Ruth Kennedy entered into a
recognizance, conditioned for the appearance of the former to
answer an indictment for larceny, and then proceeded to allege,

Kennedy et al. *v.* The People.

that, at the ensuing term of the circuit court of Will county, " certain proceedings were had before the said court, and entered of record therein, whereby it appears that said Drummond Kennedy made default herein, and also that said Drummond Kennedy and Ruth Kennedy made default of their aforesaid recognizance herein; and thereupon it was ordered by the court, that a writ of *scire facias* issue against the said Drummond Kennedy and Ruth Kennedy." The *scire facias* was directed to the sheriff of Will county, on which the sheriff of Kendall county made return of service on Ruth Kennedy. An *alias scire facias* was returned, served on Drummond Kennedy. On these returns, the cognizors were defaulted, and execution was awarded against them for the amount of the recognizance.

1. The award of execution as to Ruth Kennedy was clearly erroneous. She was not legally served with process. The sheriff of Kendall county had no authority to make the service. His action on the writ was a mere nullity.

2. Nor can the award of execution be sustained as against Drummond Kennedy. The *scire facias* is too defective to support the judgment. It fails to show that the recognizance was declared forfeited by the court. A judgment of forfeiture must be entered upon a recognizance, before a *scire facias* can properly issue against the cognizors. They cannot be called upon to show cause why an execution shall not issue for the amount of the recognizance, until a formal judgment of forfeiture has been pronounced. Thomas *v.* The People, 13 Illinois, 696. It does not appear from the allegations of the *scire facias*, that such a judgment was ever entered in this case. It only appears that the principal failed to appear according to the exigencies of the recognizance, and that the court awarded a *scire facias* against the cognizors. This does not imply that any judgment of forfeiture was entered.

The judgment is reversed.

*Judgment reversed.*