W. F. Allen, J.
The objection that the suit was brought before the expiration of three months from the time when the corrected and more particular statement of the loss was furnished, and was therefore premature, was not taken upon the trial and consequently it cannot be made here. That time *91 was for the benefit of the defendants and may have been waived by them, and this objection might have been obviated by evidence of such waiver, or some other evidence, had it been taken at the proper time. Objections of this character are considered waived unless taken upon the trial, where the adverse party may by evidence shape his case to meet and answer them, if such evidence is within his reach.
The points made by the defendants, upon the motion for a nonsuit, were in substance renewed and urged upon the final submission of the cause, and form the ground-work of the exceptions to the decisions and report of the referee, and although stated in the form of several distinct propositions, resolve themselves into two questions: first, as to the sufficiency of the notice and proof of loss as a compliance with the conditions annexed to the policy and the by-laws of the company; and secondly, if not a substantial compliance with such conditions and by-laws, whether the defendants had consented to receive and consider them as sufficient and thereby waived a more literal performance on the part of the plaintiff.
The plaintiff, as a condition precedent to his right to ' recover v^as, by the by-laws of the company, bound to give notice forthwith of his loss, and within thirty days deliver in a particular account of such loss or damage, signed with his own hand and verified by his oath or affirmation, and also, if required, by his books of account and other proper vouchers; and by the conditions annexed to the policy, he was bound to furnish an inventory of all property destroyed or damaged, giving the value in cash of the damage sustained to each item—whether a building or other property— verified by his affidavit. The conditions are reasonable, and for the benefit of the insurers, to enable them to decide upon their rights and the extent of their liability before they are called upon to pay ; and no liability attaches until they have been complied with by the insured. (Mann v. Harvey, 8 Exch. Rep., 819.)
*92 What shall be considered a performance, so as to entitle a party to insist upon payment of a loss within the policy, depends upon the true construction of the contract of the parties. A strict interpretation of the language employed would not unfrequently prevent a recovery against the company, as no exceptions are made to the requirement tc furnish the inventory and to produce the books of account and other vouchers. The inventory required is one strictly accurate, not approximating to accuracy, and made according to the best knowledge the party may have. Such a statement, although made out with all care and honesty, and really affording to the insurers all the information they could reasonably desire, would not be an inventory of the property destroyed within the literal meaning of the condition. So the non-production of the books and vouchers which had been destroyed by.the very fire against which the party had sought an indemnity would effectually defeat his claim under his policy. Such an interpretation would be unreasonable, and cannot be supposed to have been in the minds of the contracting parties at the time the insurance was effected.
The construction of these conditions should be reasonable, and as near the apparent intent of the parties as may be consistent with the terms employed, taking into consideration the motives that led to their insertion in the contract and the object intended to be effected by them. It was not practicable for the parties to provide for every case which might arise, but they could and did provide in general terms for ordinary cases, and having done so, extraordinary cases and exceptions were necessarily left to be decided upon the general principles which they prescribed for those most likely to happen. Ordinarily the books of the insured might be preserved and capable of production at the call of the insurer, and hence their production, if called for, was made a condition precedent to the liability of the underwriter. This clause should not, however, be so con- *93 «trued as to require a party to produce books which he had not, and which, without fault on his part, he could not produce. So, if all means of making an accurate inventory of the property destroyed were lost, the condition should be so construed as only to require the best and most perfect statement which the party could make. This class of conditions, annexed to and making a part of contracts of insurance, has always been liberally .construed as requiring only good faith on the part of the assured and the best evidence of his loss which he could give, and so as to secure to the insurer all the substantial benefits of the conditions. If this has been found necessary, in former times, in order to give effect to the contract of insurance as a real and not an illusory contract of indemnity, it is still more necessary now, when, with the multiplication of companies holding themselves out as insurance companies and bidding for risks, legal ingenuity and practical experience and skill have been exerted to the utmost to devise terms and conditions and new and unheard-of provisions by which the nominal, underwriters may guard against a legal liability in case of a loss of the property insured by "the perils proposed to be insured against.
The only safety for the insured is to apply the same rules of construction to the new terms and conditions which have been by the courts applied to the same contract heretofore, and to give them that reasonable construction which good faith and good sense require. In Norton v. Rensselaer & Saratoga Company (7 Cow., 649), Savage, Ch. J., says; “ The clause requiring proof of marine losses has been construed with considerable liberality.. The courts have looked to the circumstances, and required no more information of the party than what appeared to be within his controland the same liberal construction was in that case extended to a fire policy. Thompson, J., in Lamere v. The Ocean Insurance Company (11 J. R., 260), says: This clause has always been liberally expounded, and is construed to require only the best evidence *94 of the fact which the party possesses at the time.” Such has been the uniform construction put upon it by the courts. (See also 2 J. R., 136; 8 id., 317; McLaughlin v. The Washington County Mutual Ins. Co., 23 W. R., 525.)
The “particular account of the loss or damage,” and the “ inventory of all property destroyed or damaged, giving the value in cash of the damage sustained to each item,” require the party only to furnish a statement as particular and full as he can under the circumstances make. The books and papers of the plaintiff having been destroyed by the same fire which consumed the merchandise insured, he is thus deprived of the only means by which he could comply literally with the conditions of the policy, and a less particular statement is sufficient and all that is called for within the fair meaning and intent of the parties as expressed in the contract by the conditions. Notwithstanding the difference in the wording, the conditions are the same in substance as in Norton v. The Rensselaer and Saratoga Insurance, Co., in which the party was required “to deliver in as particular an account of the loss and damage as the nature of the case would admit, &c.” The qualification of the requirement did in no respect vary its legal effect, as was held in McLaughlin v. The Washington Co. Mutual Insurance Co., in which it was required that the insured should deliver “a particular account of such loss or damage,” the court deciding that no more was required in this case than the former, and holding a general statement of the loss, and even as general as that first furnished by the plaintiff in the case at bar, sufficient; that a “particular account” only meant as particular an account as the nature of the case would admit. In the case first cited, a statement in form very like that furnished in the case before us, and no more particular, was held sufficient under the liberal construction of this clause in the policy, and as particular as the nature of the case would admit; and this qualification must necessarily be engrafted upon each policy to avoid injustice and *95 give effect to the contract. Although in Norton’s case (7 Cow., 645), the plaintiff had, in pursuance of a call from the defendants, furnished, as did the plaintiff in this case, a more particular statement, within less than sixty days before the commencement of the action, the court, in their judgment, lay no stress on and do not even allude to the second statement ; but hold the first sufficient in law under the circumstances, and that when all the papers furnishing details were consumed with the goods, a statement of the gross amount lost with the circumstances of the loss was sufficient.
The condition in Mason v. Henry (8 Exch. Rep., 819) was indeed more like the one before us. The party was required to deliver accounts exhibiting the full particulars and amount of the loss sustained, estimated with reference to the state in which the property destroyed or damaged was immediately before the fire happened.” Pollock, C. B., interrupting counsel arguendo, said: “The term ‘full particulars,’must mean the best particulars the assured can reasonably give and in pronouncing the decision of the court, the same judge, speaking of the claim of the counsel of the under-1 writer for a strict construction of the policy, says: “ but the condition is not to be construed with such strictness. Its meaning is, that the assured will, within a convenient time after the loss, produce to the company something which will enable them to form a judgment as to whether or no he has sustained a loss.” The other barons coincided with him.
The plaintiff, in his first statement of loss, saya that the entire amount of property contained in his store and partly covered by said insurance, that is, insured to a part of its value, together with his books and papers, was destroyed by fire; that the total amount of property in said store, owned by him and destroyed, was at least two thousand dollars, and, as he believed, much more, but from the destruction of his books, papers, bills of purchase and inventories he was unable particularly to set forth the *96 same. The fact that he afterwards attempted, at the request of the company, to make a more particular statement from recollection and estimate, as did Norton in the case in 7 Cowen, does not tend to invalidate the truth of the statement ; and in the absence of fraud or of evidence tending to impeach its accuracy, the proof was a substantial compliance with the conditions of insurance and the by-laws of the company, and sufficient to entitle the plaintiff to recover.
The conclusion to which I have come upon the question considered, renders it unnecessary to examine the other question, which is of less general interest, to wit, whether the defendants did not, by receiving and acting upon the pro ofs furnished, without obj ections, assent to their sufficiency and waive' any formal objection which might have been taken to them. But upon this ground I think there is sufficient evidence in the case to warrant the decision and uphold the judgment in the court below.
On the 1st of July, 1850, and about seven days after the fire, the plaintiff furnished the defendants with notice and proof of the loss, which he supposed to be in accordance with the requirements of the policy ; and on the 7th of August he transmitted a further account, which had been made up as soon as could be done after receiving the request of the company, and the making of which had occupied several days. There is no evidence of the time when this request was made, what the objection was, or whether it was anything more than a bare request for further information without taking a distinct objection. The defendants did not, after that, make any allusion to the proof of loss or the accounts furnished, but on the 5th of September informed the plaintiff by letter that they had come to the conclusion that they were not legally liable to pay the insurance. Had they intended to rest their objection upon a defect in the proofs, they should have so said, and in a reasonable time after they were furnished, that the defects *97 might have been remedied. The defendants could not, after the receipt of the proofs, retain them in their hands until the lapse of the thirty days allowed the plaintiff to furnish them, and then make objections and preclude the plaintiff from supplying omissions and covering the defects. Had the defendants promptly objected to the second statement and pointed out its defects, if any there were, there was, so far as the evidence discloses, ample time for the •plaintiff to make out new proofs within the thirty days allowed him, hot counting the time during which the defendants retained his papers without objecting to their 'sufficiency. But aside from this, the defendants clearly intimated to the plaintiff that their objection to their •liability was upon the merits, and not a technical objection to the proof of loss, and such objection was an admission that the proofs were sufficient, and estops the defendant from alleging the contrary now, and to this effect are all the decisions. (Taylor v. The Merchants' Fire Ins. Co., 9 How. U. S. Rep., 390; O'Niel v. The Buffalo Fire Ins. Co., 3 Comst., 122; Ætna Fire Ins. Co. v. Tyler, 16 W. R., 385; Bodle v. Chenango Mutual Ins. Co., 2 Comst., 53; Child v. Sun Mutual Ins. Co., 3 Sandf. S. C. R., 26; 6 Cushing Rep., 242; id., 440.
The judgment of the supreme court must be affirmed, with costs.
Gardiner, C. J.
Among the multitude of provisions in 'and connected with the policy in this case, and by which the insurance company have attempted to shield themselves from liability, I do not perceive any one which precludes them from waiving a condition adopted for their own protection. Preliminary proofs were furnished by the insured 'within the thirty days specified in the conditions, showing the gross amount of the goods destroyed, but not with the particularity required by the contract. As an excuse for the omissi jn, he swore to the destruction of his “books, papers, *98 bills of purchase and inventories,” which disabled hito from a strict compliance with the conditions. These proofs were received by the corporation, examined by the directors, who subsequently, but whether within the thirty days, or otherwise, is not expressly proved, required additional proofs, which, on the 7th of August following, were furnished, and received without objection. In the letter inclosing them the attorney wrote: “ Inclosed you will receive the additional proof required by you. The applicant for damages, with his assistants, have been engaged for several days in making them,” and concludes: “please give me the information expected by the applicant of the action of the company upon his claim.” On the fifth of September, the attorney of the company wrote to the plaintiff’s attorney that “ the company have ascertained the facts in relation to the loss of Mr. Bumstead, in June last, and have come to the conclusion that they are not legally liable to pay him his insurance.” He then concludes with an offer of $500, rather than have any litigation at this early stage of their business. From this evidence, the referee has found as a fact, that the inventory and account of the loss and damage, furnished on the 7th of August, was “in full compliance with the requirements of the defendants.” This decision of the referee establishes that the request for additional proofs was made after the expiration of the thirty days prescribed in the policy, because they were furnished on the seventh of August, and were a full compliance with the demand of the company. I think the finding is sustained by the evidence; but if it were not entirely satisfactory., there was evidence tending to prove the fact upon which the referee was called to pass, and his conclusion is not, here, the subject of review.
Assuming this fact as established, the referee was correct in the legal inference, that the defects in the original proofs being supplied by the additional proofs furnished in compliance with the request of the company, and received and *99 retained by them without objection, the defendants thereby “ waived the right to insist upon such defects and omissions.” The plaintiff had insisted upon the waiver in his replication, and no objection was made before the referee as to the admissibility of the evidence, but only as to its effect. In 6 Cushing (343), the plaintiff’s application provided that he should b&?bound by the act of incorporation, which declared that the insured should, within thirty days after the loss, give notice in writing. The only notice given was by letter of the agent of the company, not purporting to be upon the request of the insured. It was held that, as the defendants were in fact notified, and their president had visited the ruins, and as no objection was taken to the form of the notice, and they did not put their refusal upon that ground, but declined paying altogether, they had waived further notice. The same doctrine was affirmed in Underhill v. Agawam M. I. Co. (6 Cushing, 445), and in 16 Wend., 385, 401, and in 23 Wend., 525, 527.
The judgment of the supreme court should be affirmed.
All the judges were in favor of affirmance on both the grounds discussed in the foregoing opinions.
Judgment affirmed.