SAMUEL CABLE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*of judgment upon before sci. fa. can issue.* It has been held that a judgment of forfeiture, upon a recognizance, must be entered before a writ of *scire facias* can issue against the cognizors.

2. SAME—*what is a sufficient judgment of forfeiture.* And where it appears the cognizors were duly called and made default, "whereupon it was ordered by the court that judgment of forfeiture be taken of their said recognizance, and that a *scire facias* issue," that will be regarded as a sufficient judgment of forfeiture.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

The facts are fully stated in the opinion.

Messrs. ROBERTSON & BARNES, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Morgan Circuit Court to reverse a judgment by default rendered on a *scire facias*, upon a

recognizance. We have looked into the proceedings carefully and can perceive no error.

The principal objection seems to be that no judgment of forfeiture had been taken before issuing the *sci. fa.*, and the case of *Kennedy* v. *The People*, 15 Ill., 418, is referred to.

We have examined that case and all the others cited by appellant. That case showed merely, that the principal failed to appear according to the exigencies of the recognizance, and that the court, on this fact alone, awarded the *scire facias* against the cognizors. The rule is well settled, that the cognizors cannot be called upon by *sci. fa.* to show cause why an execution shall not issue for the amount of the recognizance until a formal judgment of forfeiture has been pronounced. *Thomas* v. *The People*, 13 ib., 696.

Testing this case by this rule, it will be seen there is entire conformity, for the record shows that at the proper term the cognizors were duly called and made default, "whereupon it was ordered by the court that judgment of forfeiture be taken of their said recognizance and that a *seire facias* issue."

We see nothing in the writ itself, or in the proceedings upon it, in the slightest degree erroneous.

The process was duly served on the appellant, the others not being found. The recognizance sets forth with sufficient certainty the offence charged, the time at which the defendant was to appear, the ownership of the property, and every essential requisite. The condition was broken and a judgment of forfeiture taken, and the writ of *sci. fa.* was the necessary and legal consequence. The judgment must be affirmed.

*Judgment affirmed.*