## M. D. BROWN

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Scire Facias for Final Judgment upon Recognizance—Forfeiture—Default—Time to Appear in Justice Court—Jurisdiction.*

1. In order to maintain a proceeding by *scire facias* for final judgment upon a recognizance, a regular judgment of forfeiture, rendered prior to the commencement of such proceeding, must be shown.

2. It is indispensable to a legal default and declaration of forfeiture of a recognizance, that the principal should have been regularly called, and upon such call failed to appear.

3. By the common or unwritten law of this State, in proceedings before Justices of the Peace, which are notified to begin at a fixed hour, neither party is in default until the expiration of that hour and the commencement of the next.

4. In the case presented. it is *held:* That the evidence failed to show that either the principal or surety was called by the Justice; and that the principal had all the time between the hour set and the commencement of the next in which to appear.

5. It *seems* that, as in preliminary examinations a Justice of the Peace is an officer of general powers, jurisdictional facts need not be shown in a proceeding by *scire facias* for final judgment upon a recognizance.

[Opinion filed November 23, 1887.]

APPEAL from the Criminal Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This is an appeal from the judgment of the Criminal Court of Cook County against appellant, M. D. Brown, in a proceeding by *scire facias* upon a recognizance executed and taken before a Justice of the Peace, March 21, 1885, by Samuel Goldstein as principal and said Brown as surety, in the sum of $500, containing the following condition: "Whereas, the above bounden Samuel Goldstein, on the 21st day of March, A. D. 1885, was brought before Edward A. Fisher, a Justice of the Peace in and for the county aforesaid, on a charge preferred against him for burglary, and the further examination

of the said Samuel Goldstein having been continued to the 30th day of March, A. D. 1885, at 8 o'clock A. M., and the said Samuel Goldstein having been adjudged and required by the said Justice to give bonds required by the statute in such case made and provided for his appearance to answer said charge, now the condition of this recognizance is such that if the above bounden Samuel Goldstein shall personally be and appear before the undersigned at my court room, in the city of Chicago, in said county, on the 30th day of March, A. D. 1885, at 8 o'clock A. M., then and there to answer to the people of the State of Illinois on said charge, and abide the order and the judgment of said court, and not depart the same without leave, then and in that case this recognizance to become void, otherwise remain in full force and virtue."

The *scire facias* sets out the recognizance in words and figures; avers that on the 30th day of March, 1885, the said Justice of the Peace was holding court for the transaction of business at his said court room, and that the said Samuel Goldstein being then and there three times solemnly called to answer the charge preferred against him in said recognizance set forth, came not, nor any person for him, but therein failed and made default; and the said M. D. Brown being then and there three times solemnly demanded that he bring the body of the said Samuel Goldstein into court or that his recognizance be declared forfeited, came not, nor did he produce the body of said Samuel Goldstein, but made default therein, which was duly taken and certified upon said recognizance and which was duly filed in the office of the clerk of the Criminal Court, on the 11th day of May, 1885, and then and there became matter of record; then followed the summons part in due form.

The defendant, Brown, pleaded to that part of the *scire facias* setting out the judgments of default and forfeiture by the Justice court, the plea of *nul tiel* record, and to all the averments of the writ, *nil debet;* on which issue was joined.

On the trial before the court, without a jury, the court permitted the State's Attorney, against the objections of the defendant, Brown, to give in evidence in support of said

averments as to said judgment of default and forfeiture, the following indorsements by the Justice on the back of said recognizance.

"The People of the State of Illinois v. Samuel Goldstein.

"Recognizance for further examination.

"Amount.............................$ 500.00

"Justice's costs......................... 2.30

"March 30, 1885. This recognizance is declared forfeited for want of appearance of Samuel Goldstein, the principal therein named, at the time mentioned therein viz., March 30, 1885, at 8 A. M.

[SEAL]                    "EDWARD A. FISHER, J. P."

The State's Attorney was also allowed by the court to give in evidence, against the objection of defendant, Brown, the transcript of said Justice's docket, of all the proceedings in the case before said Justice; from which it appears that at 8 o'clock A. M., March 30, 1885, the said Justice declared the said recognizance forfeited, and from which transcript it nowhere appears that the said Justice waited any after that time, or that either the said Goldstein, the principal, or Brown, the surety, was called in any manner.

There was no other evidence; and the court found the issues for the people, and gave judgment against Brown for the amount in said recognizance, from which he prosecutes this appeal, assigning for error, (1) that the recognizance was void for want of recital therein of facts showing that the Justice had jurisdiction; (2) that evidence of a proper judgment of forfeiture was wanting; (3) that there was a fatal variance between the averments in the *scire facias* as to such judgment of forfeiture, and the proof.

Mr. M. D. BROWN, in person, appellant.

No brief filed for appellee.

McALLISTER, J. It is well settled law in this State that, in order to maintain a proceeding by *scire facias* for final judgment upon a recognizance, a regular judgment of forfeiture, rendered prior to the commencement of such proceeding,

must be shown.   Thomas v. People, 13 Ill. 696; Kennedy v. People, 15 Ill. 418; Cable v. People, 46 Ill. 467; Banta v. People, 53 Ill. 434; Farris v. People, 58 Ill. 26.

In conformity with that rule the *scire facias* avers that on the day named in the reognizance, Goldstein (the principal) being then and there three times solemnly called to answer the charge preferred against him, came not, nor anybody for him, but therein made default; and that Brown (the surety) being then and there three times solemnly demanded that he bring the body of said Goldstein into court, or that his recognizance be declared forfeited, came not, nor did he produce the body of said Goldstein, but made default therein, which was duly taken and certified upon said recognizance.  ·These averments were properly denied by a plea of *nul tiel* record, on which issue was joined.   The burden was, therefore, upon the plaintiffs to sustain their said averments by competent evidence. The only evidence offered in that behalf was the entry by the Justice upon the back of the recognizance set out in our statement of the case, and the transcript from the Justice's docket, from neither of which did it appear that either principal or surety was called at the time in question.

We are of opinion that the evidence adduced not only failed to support said averments, but that it was indispensable to a legal default and declaration of forfeiture, that the principal in the recognizance should have been regularly called, and upon such call failed to appear.   Dillingham v. United States, 2 Wash. 422; State v. Chesley, 4 N. H. 366; State v. Grigsby, 3 Yerg. 280; White v. State, 5 Yerg. 183; Park v. State, 4 Ga. 329; United States v. Rundlet, 2 Curtis, 41; Cable v. People, 46 Ill. 467; Banta v. People, 53 Ill. 434.

But there is another reason why there was no legal breach of the condition of the recognizance shown.   That condition was that Goldstein should personally be and appear before said Justice on the 30th day of March, 1885, at 8 o'clock A. M., to answer, etc.

Now, the evidence adduced by plaintiffs not only fails to show a call upon Goldstein, but it shows that the Justice did not wait the expiration of an hour from 8 o'clock, but declared a forfeiture at 8 o'clock A. M. of that day.   By the common,

or unwritten law of this State, it is the rule that in proceedings before Justices of the Peace, which are notified to begin at a fixed hour, neither party is in default until the expiration of that hour and the commencement of the next. This is a convenient rule, prevents surprise and exacts as much promptness as is safe and reasonable. That it prevails in this State is understood by the courts and the legal profession, as well as by the generality of the community. Therefore the legal effect of the condition of the recognizance in question was that the party had all the time between 8 o'clock and 9, in which to appear, and no default before the beginning of the latter hour could be legal. United States v. Rundlet, 2 Curtis, 41.

The views expressed render it unnecessary to discuss the other point made, viz.: That there was nothing in the case showing the facts necessary to give the Justice jurisdiction.

As an outcome of the doctrine that Justices' courts are courts of statutory and limited jurisdiction, and that their jurisdiction must always be made to appear, it has been held, that in proceedings by *scire facias*, upon a recognizance taken before such magistrate, such jurisdictional facts must appear from the recognizance; and in an action upon one, they must appear by averments in the declaration. In the case of The People v. Koeber, 7 Hill. 39, that doctrine was enunciated and all the then reported cases were cited. But that case as to that point was overruled in the case of The People v. Kane, 4 Den. 530, and Champlain v. People, 2 N. Y. 81. Many cases follow the doctrine of those two latter cases and hold that a Justice of the Peace, as to preliminary examinations in criminal cases, is an officer of general powers in that behalf, and jurisdictional facts need not be shown. Adams v. The Governor, 22 Geo. 417; State v. Randolph, 22 Mo. 475; State v. Grant, 10 Minn. 39; U. S. v. George, 3 Dill. C. C. 431. And the case of McFarlan v. People, 13 Ill. 9, following the decisions in Kentucky, adopts the same view.

But the objection, of a want of a regular judgment of forfeiture, is insuperable and fatal to any recovery, wherefore the judgment against appellant must be reversed.

*Judgment reversed.*