WILLIAM THOMAS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.   THE SAME *v.* THE SAME.

### ERROR TO IROQUOIS.

A writ of *scire facias*, upon a recognizance, should clearly show before what court the recognizance was entered into, and for what offence the principal in the recognizance was indicted; also, that a judgment of forfeiture had been entered.

THESE cases were commenced by proceedings by *scire facias*, in the Iroquois Circuit Court. The causes were heard before HENDERSON, Judge, at the October term, 1850, of the Iroquois Circuit Court.

The writs of *scire facias*, after stating that the parties entered into a recognizance on the 2d day of November, 1849, which is recited, then aver, that the said James Ellis (the party indicted) having failed to appear at the said term of said court, to answer to the said indictment, as we by the suggestion of the people aforesaid by their State's attorney have understood, the recognizors were summoned to be and appear, &c., to show cause, if any they had, why the people, &c., ought not to have execution against them in the said sum of one hundred dollars, for which they are respectively bound, according to the force, form, and effect of the said recognizance, and further to do and receive whatever the said court should then and there consider and adjudge against them in that behalf.

The writs were served on William Thomas, the other defendants were not found.

GEORGE B. JOINER, for plaintiff in error.

CHARLES GARDNER, for the people.

CATON, J.   These two cases are alike, and but one opinion need be filed in the disposition of both. They are judgments upon two writs of *scire facias* entered by default, and although several objections were taken upon the argument, we only deem it necessary to notice one. The writs of *scire facias* are alto-

gether insufficient to authorize judgments upon them. They do not clearly show before what court the recognizances were entered into, nor for what offences the principal in the recognizances was indicted. These should have been shown by averments in the writs of *scire facias*. But, above all, they do not show that any judgment of forfeiture had ever been entered upon the recognizances. They merely show the non-appearance of the principal cognizor according to the exigencies of the recognizances. After setting forth the recognizances, the writs of *scire facias* proceed, "And the said John High having failed to appear at the said term of the said court to answer to the said indictment, as we by the suggestion of the people aforesaid by their States-attorney have understood: We therefore command you," &c. Now here is no judgment of forfeiture whatever, but merely the recital of a state of facts, which would have authorized the court to enter such judgment. We cannot look to the orders of the court, which were made at the time of the defaults, which seem to be embodied in the records, and which might have justified the proper averments in the writs of *scire facias*, for the question arises upon the sufficiency of these pleadings themselves. They should have shown judgments upon which executions could be awarded.

The judgments of the Circuit Court must be reversed.

*Judgments reversed.*