FREDERICK W. BACON et al., Plaintiffs in Error, v. THE PEOPLE, Defendants in Error.

ERROR TO BUREAU.

A *scire facias* upon a recognizance, should show that the recognizance was taken and approved by the justice; such taking and approval being essential to its validity.

A recognizance must be certified and returned to the circuit court before a forfeiture of it can take place. It is not a matter of record until this is done, which is necessary, in order to the issuing of a *scire facias* upon it.

The forfeiture of a recognizance on the 10th of January, which a *scire facias* alleges to have been filed on the 11th, shows the forfeiture to have been premature and unauthorized.

THIS was a proceeding by *scire facias*, upon recognizance alleged to have been forfeited. The defects in the proceedings are stated in the opinion of the court. The cause was heard before LELAND, Judge, at March term, 1853, of the Bureau Circuit Court.

Bacon et al. *v.* The People.

T. Dickey, for plaintiffs in error.

W. H. L. Wallace, for the people.

Treat, C. J. There are two defects in the *scire facias*. 1. It fails to show that the recognizance was approved by the justice. It recites that the defendants appeared before him, and did then and there "execute and deliver to the said justice a certain bond or recognizance, whereby," &c. This is not sufficient to show that the obligation was ever taken and approved by the officer. Such taking and approval are essential to its validity. And this should appear from the *scire facias*, either by a distinct averment to that effect, or by setting out the recognizance, from the face of which it may be seen that it was so taken and approved. 2. It does not appear that the recognizance was returned to the circuit court before the judgment of forfeiture was pronounced. The statute requires every recognizance taken out of court, to be certified and returned into the circuit court. It must be so certified and returned, before any proceedings can be had upon it in the circuit court. It is not a matter of record till this is done. It must become such before a forfeiture can be entered, or a *scire facias* can be issued upon it. The court may compel the officer, by attachment, to return it; but it must become a record of the court before a forfeiture can be declared. A writ of *scire facias* is necessarily founded upon a record, and it must issue out of the court in which the record is. In this case, the recognizance was not before the court when the judgment of forfeiture was entered. The *scire facias* alleges that the recognizance was filed in the circuit court on the 11th of January, 1853; and that it was forfeited on the 10th day of the same month. It likewise appears from the record, that the forfeiture was entered on the last-named day. The forfeiture was, therefore, premature and unauthorized; and it formed no proper foundation for the *scire facias*.

The judgment is reversed.

*Judgment reversed.*