THOMAS H. LAWRENCE, Plaintiff in Error, *v.* THE PEOPLE, Defendant in Error.

ERROR TO MADISON.

A scire facias on recognizance stands in the place of a declaration, and fills the same office.

It is sufficient to state a recognizance, according to its operation and legal effect; or it may be set out verbatim, and the court will decide upon its effect.

The certificate of the justice, before whom a recognizance is taken, is essential to its validity, and implies its approval by him; no form of words is necessary to this end; if the officer took and excepted the recognizance for the purposes contemplated by the law.

A *scire facias* was issued out of the Circuit Court of Madison county, Illinois, on the 23rd day of August, 1855, setting forth, that, on the 12th day of March, A. D. 1855, Thos. J. Lawrence, John P. Lawrence and Thomas H. Lawrence did personally appear before John A. Maxey, an acting justice of the peace of said county, duly elected, commissioned and qualified, and then and there, before said justice of the peace, did enter into, sign, seal and deliver, a certain recognizance, which recognizance is set out in full in said *scire facias*, to which the justice attached the following certificate :

" Taken and acknowledged before me, the 12th day of March, A. D. 1855.
JOHN A. MAXEY, *J. P.* [SEAL.]"

And that said recognizance was returned by said justice, to the Circuit Court of said county, and filed therein, on the 27th day of March, A. D. 1855. And that an indictment was returned into said Circuit Court, by the grand jury, at the April term, 1855, against Thomas J. Lawrence, on a charge of larceny, which indictment is set out in full in said *scire facias*, with the indorsements thereon ; and that the same was filed in said court, on the 4th day of April, 1855 ; and that afterwards, at said term, an order of the Circuit Court was made, which order is set out in full. The *scire facias* then concludes in the usual manner.

The said Thomas H. Lawrence was served with process on the 24th day of August, A. D. 1855 — the other parties not found—afterwards, on the 6th day of September, 1855, the said defendant, Thomas H. Lawrence, filed a general demurrer to said *scire facias*, which the Circuit Court overruled and entered judgment against Lawrence for the penalty of the recognizance and costs of suit.

J. and D. GILLESPIE, for Plaintiff in Error.

A. W. METCALF, for The People.

SKINNER, J.   This was a *scire facias* upon a recognizance. Thomas H. Lawrence, one of the cognizors, appeared and demurred to the *scire facias*. The demurrer was overruled, judgment of execution rendered against him, and the suit was continued as to the other cognizors, who were not served.

It is objected that the *scire facias* is insufficient, because it does not contain an averment that the obligation was approved by the justice of the peace before whom it was taken. The obligation is set out in the *scire facias*, and shows on its face the following certificate :

Lawrence *v.* The People.

" Taken and acknowledged before me, this 12th day of March, A. D. 1855.
                                JOHN A. MAXEY, *J. P.* [SEAL.]"

The statute provides that " all recognizances that have any relation to criminal matters, shall be taken to the people of this State, shall be signed by the person or persons entering into the same, shall be certified by the judge, justice of the peace, or other officer taking the same, and delivered to the clerk of the Circuit Court," &c.   R. S. 191, Sec. 205.

The *scire facias* stands in the place of a declaration, and, for the purposes of pleading, fills the same office.   The certificate of the justice is a part of the recognizance and essential to its validity.

It was sufficient to state the recognizance according to its *operation* and *legal effect*, or to set it out in its *very words*, leaving it to the court to determine upon its *legal effect*.   1 Chitty's Pl. 335.   The pleader chose the latter course, and hence what appears from the recognizance need not be again averred.   If the *scire facias* had averred that the recognizance was " taken and *approved* " by the justice, the recognizance itself would have proved the averment, for such is the legal effect of the certificate.

All that is important to the validity of the recognizance, in this respect, is, that it appear therefrom that it was taken before and certified by the officer authorized to take the same.   The taking and certifying the instrument officially, as a recognizance, necessarily involves an *approval*.   No form of certificate is given by the statute, and it is not material what language is used, so that it appears that the officer *took* and *accepted*, the recognizance for the purposes contemplated by the law.   The case of *Bacon et al.* v. *The People*, 14 Ill. 312, is relied upon by the plaintiff in error.   In that case, it does not appear that the recognizance was set out in the *scire facias*, and the averment was that the cognizors " executed and delivered to the justice a certain bond or recognizance whereby " &c.; and this court held that the averment was not sufficient to show that the obligation was taken and approved by the officer.

In this case, the *taking* and *approval* appear from the recognizance set out in the *scire facias*, and this is equivalent to such averment.

                                *Judgment affirmed.*