JOHN CONNER *et al.*, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error. THE SAME *v.* THE SAME, and THE SAME *v.* THE SAME.

ERROR TO McLEAN.

A *scire facias* upon a recognizance should aver that the recognizance had been returned to, and made matter of record, in the Circuit Court; also, that there had been a judgment of forfeiture against the defendants.

The *scire facias* takes the place, in this State, of a summons and declaration, and should show every allegation necessary to a recovery.

THE facts in these cases are precisely similar. The judgments were rendered by DAVIS, Judge, at the September term, 1856.

At the April term, 1855, the grand jury presented an indictment against John Conner, to the McLean Circuit Court, then in session, and on same day a capias issued, which was returned " not found."

And on the 24th of April, 1855, an alias capias issued, which was returned " Executed by arrest of Conner, and his discharge by executing bond in penal sum of $200, with Patrick Ryan and Daniel Kinney as securities."

At the September term, 1855, a forfeiture of said bond or recognizance was declared, and a *scire facias* ordered to be issued, and in February, 1856, a *scire facias* issued out of the clerk's office of said court to the sheriff of McLean county to execute, and returnable on the first Monday in April following. Said writ of *scire facias* was returned executed on John Conner and Patrick Ryan. Daniel Kinney was " not found."

At the September term, 1856, final judgment was rendered on said bond or recognizance against John Conner and Patrick Ryan, for the sum of $200 and costs ; and upon the record of said proceedings, plaintiffs assign the following errors :

The said *scire facias* does not show that the bond taken by the sheriff was returned to the court, filed, or in any way made part of the record.

The *scire facias* fails to show that the recognizance was declared forfeited.

SWETT & ORME, for Plaintiffs in Error.

W. BUSHNELL, District Attorney, for the People.

WALKER, J. The record in these cases present for our consideration the same questions, and will be determined together in this opinion. There was in each case a writ of *scire facias* sued out of the McLean Circuit Court against defendants, to recover the amount of a recognizance entered into for the appearance of Conner to answer to indictments previously found in that court against him. The court rendered in each case a judgment by default against the defendants for the amount of the recognizance, and to reverse these judgments they bring these cases to this court. These writs were each substantially defective, in not averring that the recognizance had been returned to, and had become a matter of record in the Circuit

Court, before the writs of *scire facias* were sued out. This was essential, and until the recognizance becomes a record, there can be no proceeding had to fix the bail or recover a judgment, and there must be an averment or recital of that fact. This is the established doctrine of this court. *Noble* v. *The People*, 4 Gilm. R. 434; *Bacon* v. *The People*, 14 Ill. R. 313. These writs were also defective in failing to aver that there had been a judgment of forfeiture against the defendants. *Thomas* v. *The People*, 13 Ill. R. 696; *Kennedy* v. *The People*, 15 Ill. R. 418. The averment that the principal cognizor had failed to appear, as had been suggested by the People's attorney, was not an averment that there had been a judgment of forfeiture. There was no averment that the defendants had been called and defaulted, or any steps taken to fix the bail. Under our practice the writ of *scire facias* supplies the place of both the summons and declaration, and should contain every material allegation, to show a right of recovery, and without such averments it is insufficient to support a judgment. The writs in this case were not aided ·by copying into the transcript the orders in the original proceeding, as they were not copied into the writs of *scire facias*, and form no part of the record in this case. The judgment of the Circuit Court in each of these cases should be reversed, and the causes remanded, with leave for the People to amend their writs of *scire facias*, and for further proceedings.

*Judgments reversed.*