DANIEL RAYSOR, and MICHAEL Y. GIVLER, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO MACON.

A recognizance taken out of court, or by a judge at chambers, does not become a record, upon which a *scire facias* can issue, until it is properly certified and filed.

THIS is a proceeding by defendants in error, against the plaintiffs in error by *sci. fa.*, upon a forfeited recognizance.

The *sci. fa.* alleges that the defendant, Raysor, was, on the 14th day of February, 1859, before Wm. L. Hammer, a justice of the peace, on a charge of perjury, and by said justice was held to bail in the sum of fifteen hundred dollars, and in default thereof was committed to jail.

That on the 23rd day of February, 1859, the said Raysor was before the Hon. Charles Emerson, then judge of the 17th Judicial Circuit, State of Illinois, in pursuance of a writ of *habeas corpus*, for reduction of the amount of said bail, required by the said Wm. L. Hammer; and upon inquiry touching said matter of amount of bail, said judge did make a reduction therein, and required and ordered bail in the sum of eight hundred dollars, in pursuance thereof; and afterwards, to wit, " on the 23rd day of February, 1859, at the county and State aforesaid, the said Daniel Raysor, as principal, and Michael Y. Givler, as security, then and there entered into a recognizance jointly and severally binding themselves and their heirs, executors and administrators, for the payment of the said sum of eight hundred dollars, to the People of the State of Illinois, conditioned for the appearance of the said Daniel Raysor, on the first day of the then next term of the Circuit Court, to be held in the said county of Macon and State aforesaid, and then and there answer and abide the order of the court touching the said charge of criminal offense for perjury, and thence not depart without lawful permission; which said recognizance was then and there signed by the said Daniel Raysor and Michael Y. Givler, the said judge having lawful authority to take the aforesaid recognizance, and which said recognizance was then and there certified and approved by said judge, and by him, on the 23rd day of February, 1859, said recognizance was delivered to the clerk of the Circuit Court of said county, which was then filed and became a matter of record in said office of the Circuit Court of said county of Macon and State aforesaid. And afterwards, to wit, at the March term, 1859, of the Circuit Court, began and held in the court-house, in said county of Macon, State aforesaid, the said People being represented by the State's attorney, and the matter of the recognizance of the beforementioned Daniel Raysor and Michael Y. Givler, for the appearance, on the first day of said March term of said court, of the said Daniel Raysor, to abide the proceedings and order of the court, as conditioned in the aforementioned recognizance, touching a charge of criminal offense, to wit, perjury, coming on to be heard; and the said Daniel Raysor,

being three times solemnly called, came not, as by his said recognizance he was bound to do, but herein made default; and the said Michael Y. Givler, aforesaid security, being three times solemnly called to deliver the body of the said Daniel Raysor, failed therein, and made default. Wherefore, it was ordered by the said court, at the said March term thereof, that judgment of forfeiture be taken of their said recognizance, and that *scire facias* issue against the said Daniel Raysor and Michael Y. Givler, said recognizance being still in full force and unsatisfied. We therefore command you," etc.

To the said *scire facias* the plaintiffs pleaded *nul tiel* recognizance, and also *nul tiel record.*

Cause heard by the court.

The plaintiffs below introduced *Joseph Q. A. Oder*, who testified, that during the year 1859, he was clerk of the Circuit Court of Macon county, Illinois; that a recognizance, purporting to be signed by said defendants below, was filed in his office; that he had made a thorough examination and could not find the same; that the copy of recognizance set out in *hæc verba* in the *scire facias* herein, was a true copy thereof, according to his best recollection and belief, which said copy is in the words and figures following, viz.:

"Know all men by these presents, that we, Daniel Raysor, as principal, and Michael Y. Givler, as security, are held and firmly bound unto the People of the State of Illinois, in the sum of eight hundred dollars, for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Signed and sealed this 23rd day of February, 1859.

"The condition of the above obligation is such, that whereas the above bounden Daniel Raysor was, on the 14th day of February, 1859, committed to the common jail of Macon county and State of Illinois, upon a warrant of commitment, issued by Wm. L. Hammer, Esq., a justice of the peace in and for said county, upon a charge of perjury, in default of giving bail, by the said Raysor, in the sum of fifteen hundred dollars; and whereas, the said Raysor obtained a writ of *habeas corpus* from Charles Emerson, judge of the 17th Judicial Circuit, in the State of Illinois, for the purpose of reducing the amount of bail required as aforesaid, and to admit him to bail; and whereas, the said Charles Emerson, judge, as aforesaid, upon the hearing, upon the return of said writ of *habeas corpus*, did reduce the said bail to the sum of eight hundred dollars, and admit him to bail in the said amount. Now, if the said Daniel Raysor shall be and appear at the next term of the Circuit Court for the county of Macon and

State of Illinois, upon the first day thereof, to answer what-
ever may be done in the premises, and abide the order of the
court, and not depart without leave of the court, then this
obligation to be void, otherwise of force.

(Signed)                    DANIEL RAYSOR.      [SEAL.]
                            MICHAEL Y. GIVLER.   [SEAL.]"

Said Oder further testified, that said recognizance was not
marked approved, nor certified so to be, by any person; that
the same was left at his office by Wm. E. Nelson, Esq., on·
the day the same purported to be executed.

*William E. Nelson,* called, sworn and examined by the
said People, testified that he was present on a certain occa-
sion, when Daniel Raysor, one of the above defendants, was
before the Hon. Charles Emerson, judge of the 17th Judicial
Circuit, at chambers, upon writ of *habeas corpus;* that said
Raysor had been confined in the jail of said county, on a
charge of perjury in default of bail; that said judge reduced
the amount of bail which had been required, and fixed the
amount to be given at $800.    That a bond was then and there
drawn up and signed by said defendants; that Judge Emer-
son expressed himself satisfied with the sufficiency of the
security; that he did not know or recollect that said judge
approved the bond in any other manner.    That said Raysor
was discharged from custody upon said bond or recognizance.

The plaintiff below then introduced the record of the pro-
ceedings of said court, had at the March term thereof, 1859,
showing judgment of forfeiture of a recognizance in the
words and figures following, to wit:

THE PEOPLE,   ⎫
      *vs.*      ⎬  Perjury.
DANIEL RAYSOR. ⎭

And now come the people, by John R. Eden, their attorney,
and the defendant, Daniel Raysor, being three times solemnly
called, comes not, but makes default; and it appearing to the
satisfaction of the court that the said Daniel Raysor had
heretofore entered into recognizance, together with Michael
Y. Givler, his security, for his appearance at this term of this
court, in the sum of eight hundred dollars: it is therefore
considered, that said recognizance be forfeited, and that a writ
of *scire facias* issue against the said defendant and his secu-
rity, returnable to the next term of this court, commanding
them personally to be and appear at the said court, and show
cause, if any they can, why the People of the State of Illinois
should not have execution against them for the amount of
their said forfeited recognizance.    All which evidence was
heard by the court, subject to the objections of the defendants

below. Whereupon the court rendered judgment against the defendants below, for eight hundred dollars and costs, to which the said defendants then and there excepted.

Error assigned: the court erred in rendering judgment against the defendants below, upon the evidence in the cause.

N. W. Tupper, and A. B. Bunn, for Plaintiffs in Error.

J. P. Boyd, for Defendants in Error.

Breese, J. The criminal code of this State provides that "all recognizances that have any relation to criminal matters, shall be taken to the People of this State, shall be signed by the person or persons entering into the same, be certified by the judge, justice of the peace, or other officer taking the same, and delivered to the clerk of the Circuit Court on or before the day mentioned therein for the appearance of the witness or accused therein bound. Recognizances taken in courts of record need not be signed or certified as aforesaid." (Scates' Comp. 413, Sec. 205.)

A recognizance taken out of court, or by a judge at chambers, does not become a record until it is certified to that court by the judge. Not having been certified and filed in the mode prescribed, it did not become a record, and not being a record, no *scire facias* could be issued upon it, for it is only on records such a writ can issue. It is unnecessary to examine the other questions raised, as this objection goes to the substance of the proceeding. The judgment must be reversed.

*Judgment reversed.*