## PHILBRICK *v.* BUXTON.

In debt on a recognizance to prosecute an appeal and pay such costs as might be recovered, the breach should be set out with a *prout patet per recordum*, or the declaration will be bad on demurrer.

THIS was an action of debt on a recognizance entered into upon an appeal from a judgment of the court of common pleas, conditioned to prosecute the appeal and pay all costs which, in the final judgment, might be recovered against the defendant.

The breach alleged was in not prosecuting the appeal, but it was not stated that the breach appeared of record. For this and various other causes, not necessary to state, the defendant demurred to the declaration.

*Morrison & Stanley*, for the plaintiff.

*I. W. Smith*, for the defendant.

BELLOWS, J. In order to arrive at a satisfactory solution of the questions raised by the demurrer, it may be well to consider the nature of the obligation in question.

A recognizance, then, is an acknowledgment of record of a debt due, and is the highest security known to the common law, and like a judgment can be proved only by the record. If entered into before a justice of the peace, or an inferior court, it must, in order to give it effect as a recognizance, be filed in a court of record, and become a matter of record there. In its nature, like other records, it imports absolute verity, and is conclusive evidence of the obligation entered into by the cognizor; and it is so far a judgment that it will uphold the award of execution to enforce payment upon *scire facias*, which is a judicial writ and grounded solely upon the

record; Co. L. 290; 2 Saund. 71; there being no necessity of an action at law and obtaining a judgment, as in the case of other contracts. Indeed, it has been held that a recognizance and a judgment are both matters of record and of equal degree; and that consequently one can not be determined or merged in the other; and that although the plaintiff may have once had judgment in debt on the recognizance, he may still proceed on the instrument itself; *Preston* v. *Preston,* Cro. Eliz. 817; 2 Chit. Pl. 412, note H; standing, in this respect, like two judgments, one rendered in an action of debt upon the other. *Weeks* v. *Pearson,* 5 N. H. 324. So, also, in the *scire facias,* and in an action of debt, the recognizance should be set out with a *prout patet per recordum,* and the proper plea is *nul tiel record.*

These general views are sustained in 2 Tidd Pr. 983; 1 Chit. Pl. 371; *Treasurer* v. *Merrill,* 14 Vt. 63; *People* v. *Kane,* 4 Den. 539; *State* v. *Kinne,* 39 N. H. 138. It would seem to follow logically, that whatever is necessary to constitute a complete right to recover, should be proved by the record and that alone; for being a debt of record upon which execution may be awarded, it would be contrary to all the analogies to permit a fact essential to the right to be proved by parol. If, then, a complete right to the money is made, by the terms of the recognizance, to depend upon a future event, that may or may not happen; it would seem to be essential to its character as a judgment, that the record should show the fact which renders the obligation absolute and no longer conditional. Accordingly it is very generally held in criminal cases, where recognizances are chiefly for the appearance of the principal, that the default must be shown by the record. This is strongly intimated by *Richardson,* C. J., in *State* v. *Chesley,* 4 N. H. 366, and is distinctly laid down by *Eastman,* J., in *State* v. *Kinne,* 39 N. H. 138. And such is the doctrine of *Bridge* v. *Ford,* 4 Mass. 641; *Thompson* v. *People,* 13 Ill. 696; *Kennedy* v. *People,* 15 Ill. 418; *People* v. *Witt,* 19 Ill. 169; *Connor* v. *People,* 20 Ill. 381; *United States* v. *Rundlett,* 2 Curt. C. C. 41; *State* v. *Grigsby,* 3 Yerg. 280; *White* v. *State,* 5 Yerg. 183; *Treasurer* v. *Merrill,* 14 Vt. 63; *People* v. *Van Epes,* 4 Wend. 393. Such, also, has been the general practice in this State, as is suggested in *State* v. *Chesley,* 4 N. H. 366; and it is founded, we think, in the nature of the obligation, and the incongruity of resorting to parol proof to establish facts material to the validity of a debt of record.

The same reasons apply equally to recognizances in civil causes, where individuals are the conusees; and upon that view the law of this State is framed, which requires notice to the bail, and a return of *non est inventus* upon the final process, before the bail can be charged. It is true that his undertaking, by indorsement upon the writ, is not in form a recognizance; but the statute gives it a similar effect, and provides for making it all a matter of record; and also provides the same remedy by *scire facias,* and it will be seen that in the form given in Bell's Justice (p. 200) the return upon the execution is correctly set out with a *prout patet per recordum.*

In England, in the case of the recognizance of bail, no proceed-

ings can be had upon it until the return of the *capias ad satisfaciendum*, and as the recognizance must have been enrolled in the same court of record, all the facts essential to the plaintiff's right will appear of record, as in criminal cases, and neither in England or this State could it be contended that any of those facts may be shown by parol.

In the case of recognizances on appeals, if the appellant fail to enter his appeal, the appellee enters his complaint, setting forth such failure of the appellant, and thereupon the judgment below will be affirmed; and thus the record will show the breach of condition of the recognizance in cases where the condition of the recognizance is to pay costs, as in appeals in this State from justice judgments; or that the principal should pay all such damages as the plaintiff should recover, or otherwise render himself to be taken in execution, as in recognizances of bail in England; the record may fail in terms to state the non-payment of the money, but it will be observed that the record of the judgment will show all that would be required to maintain an action of debt upon it, that is, a subsisting judgment, and, in the case of bail, the execution is returned wholly unsatisfied. So that these cases can not be said to militate against a doctrine requiring the forfeiture to be shown by the record. There may be cases of departure from this doctrine under special statute provisions, but the general doctrine, we think, is well established.

But it is said that however the rule may be in respect to recognizances in criminal cases, it does not apply to civil cases, nor to actions of debt—but from the nature of the obligation, we think no such distinction can be well founded in principle; nor is any authority cited to sustain it. On the contrary, some of the cases cited tend to show that no such distinction exists, and among those cases are *State* v. *Kinne*, before cited; *Commonwealth* v. *Green*, 12 Mass. 1; *State* v. *Kane*, 4 Den. 530; *State* v. *Chesley*, 4 N. H. 466; where the recognizance was taken in substantially a civil suit.

The question then is, whether it was necessary to aver that the breach of condition appears of record. Whatever can be shown only by the record should regularly be set forth with a *prout patet per recordum*, else the declaration or plea will be defective. Ch. Pl. 371; *Corbet* v. *Cooke*, Cro. Eliz. 466; *May* v. *Spencer*, T. Raym. 50; *Morse* v. *James*, Willes 122, 127. In this last case, the rule was applied to a plea of justification under process alleged to have been returned; and it was held bad because not set out with a *prout patet per recordum*, although it was admitted that it would be otherwise where the record was but inducement. The same doctrine is recognized in *Powdich* v. *Lyon*, 11 East 565, and notes referring to the statute of 4 Ann, ch. 16, sec. 1.

The result is that the declaration must be adjudged defective. The other causes of demurrer are merely formal, and can easily be avoided in an amended declaration, and we have not therefore deemed it necessary to consider them now, as an amendment will be required, in any event, if the state of the record will admit.

*Demurrer sustained.*