GEORGE W. FARRIS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. SCIRE FACIAS—*pleading.* A writ of *scire facias* stands in the place of both the summons and declaration, and should contain every averment necessary to show a right of recovery; and if there is a variance between the recognizance as set out in the writ, and the judgment of forfeiture, advantage of such variance may be taken under the plea of *nul tiel record.*

2. PLEADING—*recognizance—variance.* Where a recognizance is averred in the *scire facias* to be joint and several, a several recognizance can not be admitted in evidence under the *scire facias.* Nor does our statute, which declares joint obligations, both joint and several, make a recognizance, entered into

by a number of persons severally, a joint recognizance. Such instruments are governed by the common law.

3. PRACTICE—*recognizance several.* Where principal and surety enter into the same recognizance, but severally, they may be embraced in the same writ of *scire facias* to show cause why an execution should not issue against each, for his several indebtedness. That would not make it a joint *scire facias*, any more than the recognizance became joint by each entering severally into the recognizance for himself.

4. RECOGNIZANCE—*several—execution.* Where a recognizance is several, the execution must be several, as the people can only have execution according to the form, force and effect of the recognizance itself.

5. JUDGMENT—*forfeiture of recognizance—parties.* Where a judgment of forfeiture on a recognizance was described in the *scire facias* as being against the principal and five sureties, but when the record was offered in evidence, it appeared that the judgment of forfeiture was against the principal and three sureties: *Held*, there was a fatal variance, and that execution could not be awarded against those, against whom there was no judgment of forfeiture. Before a final judgment could be rendered, there should be a judgment of forfeiture against them.

WRIT OF ERROR to the Circuit Court of Macoupin county ; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a suit by *scire facias*, brought by the people of the State, in the Macoupin Circuit Court, against George W. Farris, Stephen Sawyer, Warren Sawyer, William N. Mitchell, John Higgins and John Wright.

It is averred in the *scire facias*, that George W. Farris, with others, was taken before a justice of the peace on a criminal charge of aiding, abetting and being accessory to the shooting of one Jasper Smith, and that after inquiring in regard thereto, the justice of the peace adjudged George W. Farris to give bail for his appearance at the next term of the Circuit Court of Macoupin county ; that Farris, and the other defendants, on the 4th day of October, 1869, entered into their several recognizance, to the People of the State of Illinois, in the sum of $300, before the justice of the peace, for the appearance of George W. Farris to answer the charge preferred against him ; that the recognizance was duly certified by the justice, to the clerk of the circuit court, and became a matter of record in that court.

At the December term, 1869, of that court, an indictment was preferred against George W. Farris, and he failing to appear, his default was entered and his recognizance was declared forfeited, by the court. At the same time, a judgment of forfeiture was entered against Stephen Sawyer, John Wright and John A. Higgins, his sureties in the recognizance, and a *scire facias* was awarded. The writ of *scire facias,* issued to the March term, 1870, set out a judgment of forfeiture against Farris and all five of his sureties, and described the recognizance as being joint and several. A plea of *nul tiel record* was filed. A trial was had, when the court made the judgment of forfeiture absolute and awarded execution.

Mr. JOHN I. RINAKER, for the plaintiffs in error.

Mr. WASHINGTON BUSHNELL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

The writ of *scire facias,* on a recognizance, stands in the place of both the summons and declaration in the case, and, like the declaration in any other case, should contain every material allegation necessary to a recovery. *Thomas* v. *The People,* 13 Ill. 696 ; *Lawrence* v. *The People,* 17 Ill. 172.

If there is a variance between the recognizance and the conditional judgment entered therein, as set out in the *scire facias,* and that offered in evidence, it will be fatal, and the variance may be taken advantage of under the plea of *nul tiel record. Slaten et al.* v. *The People,* 21 Ill. 29.

The recognizance itself, is not well pleaded. It is averred in the *scire facias,* that the plaintiffs in error entered into a recognizance by which they " jointly and severally " acknowledged themselves bound. That is not the legal effect of the obligation. By the express terms of the recognizance, they only acknowledged themselves "severally" bound. While it is true, that, under our statute, joint obligations will be considered both joint and several, it is not true that a recognizance

"severally" acknowledged, becomes both joint and several. The common law distinction still prevails.

In *Chumasero* v. *The People*, 18 Ill. 405, it was held, that where the parties, principal and surety, have both entered into the same recognizance, though severally, each may be included in and served with one *scire facias* to show cause against the award of execution against him, for the several indebtedness.

The court say that, "this would not make it a joint *scire facias* any more than such recognizance becomes joint by each entering into the same, severally for himself."

The recognizance in this instance, is several, and is made so by its express terms.

The People can only have execution according to the "form, force and effect" of the recognizance itself. *Sans* v. *The People*, 3 Gilm. 327.

It is also averred in this *scire facias*, that the conditional judgment was rendered against the principal, George W. Farris, and *five* sureties. The record offered in evidence, and objected to, only recites a judgment of forfeiture against the principal and *three* sureties. Against two of the cognizors, viz: William N. Mitchell and Warren Sawyer, against whom judgment is now sought, no conditional judgment or judgment of forfeiture was ever rendered.

Before any final judgment could be properly entered against them, there must have been previously, a judgment of forfeiture. *Conner* v. *The People*, 20 Ill. 381; *Thomas* v. *The People*, 13 Ill. 696; *Kennedy* v. *The People*, 15 Ill. 418.

For the reasons indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*