SAMUEL OGDEN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

SCIRE FACIAS ON FORFEITED RECOGNIZANCE—*of the default.* A party charged with larceny, having undergone a partial preliminary examination,

was recognized to appear before the justice "on the 2d day of February, A. D. 1869 ❋ ❋ ❋ and from day to day thereafter until discharged by order of the court," for the purpose of a further examination. The accused appeared on the 2d of February at the time appointed, when one witness was sworn and the prosecution continued until the 6th of February without any new bond. The accused failed to appear on the 6th, and the justice then made the following entry: "Defendant did not appear, so the court considered that the bond of recognizance be forfeited," etc. *Held*, the accused having appeared on the day fixed in the recognizance, and thus complied with its condition, the justice had no right to enter a default for his non-appearance on the 6th, and a *scire facias* issued on such default was void.

Writ of error to the Circuit Court of Peoria County.

This was a *scire facias* issued on the following recognizance:

"State of Illinois,   ⎫
   "Peoria County,   ⎬ ss:
              ⎭

"This day personally appeared before the undersigned, Sebastian Kraus, one of the justices of the peace in and for said county of Peoria, Samuel Ogden and John Wienmar, and jointly and severally acknowledged themselves to owe and be indebted unto the people of the State of Illinois, in the sum of five hundred dollars ($500), to be levied of their goods and chattels, lands and tenements, if default be made in the premises and conditions following, to wit:

"Whereas, the above bounden Samuel Ogden, on the 29th day of January, A. D. 1869, was brought before Sebastian Kraus, a justice of the peace in and for the county aforesaid, on a charge preferred against him for larceny, and upon hearing the testimony of all the witnesses present, they having been duly sworn, was adjudged and required by said justice to give bond, as required by the statute in such case made and provided, for his appearance to answer to said charge. Now, the condition of this recognizance is such that if the above bounden Samuel Ogden shall personally be and appear before said justice on the 2d day of February at one o'clock P. M., in said county of Peoria, A. D. 1869, and from day to day thereafter

until discharged by order of this court, then and there to answer to the said people of the State of Illinois on said charge of larceny, and abide the order and judgment of said court and not depart the same without leave, then and in that case this recognizance to become void, otherwise to remain in full force and virtue.

"As witness our hands and seals this 29th day of January, A. D. 1869.

"SAMUEL OGDEN,    [SEAL.]<br>
"JOHN M. WEINMAR. [SEAL.]

"Taken, entered, and acknowledged before me this 29th day of January, A. D. 1869.

"SEBASTIAN KRAUS, J. P."

Judgment was entered on the *scire facias* against the defend-- ants, to reverse which they bring the record to this court.

Messrs. KELLOGG & KELLOGG, for the plaintiffs in error.

Mr. GEORGE PUTERBAUGH, State's attorney, for the People.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The recognizance upon which the *scire facias* was issued, was taken in pursuance of the statute, by a justice of the peace, for the appearance of the accused, for further examination. R. S. 1845, 581.

Section 2d of the act provides that, if the person recognized, shall not appear at the time appointed, the justice shall note the default upon the record, and certify the recognizance, with the record of the default, to the Circuit Court, that a *scire facias* may issue thereon, or an action of debt be brought for the recovery of the penalty.

The time appointed for further examination was the 2d day of February. It appears, from the transcript of the justice of the peace, that the accused did appear on that day; a witness was sworn; and the prosecution was then continued until the 6th of February, without any new bond, or any minute of default.

5—62D ILL.

On the 6th the justice made the following entry : " Defendants did not appear, so the court considered that the bond of recognizance be forfeited, etc."

The condition of the recognizance was to appear upon a day named.   The accused did appear, and thus complied with the condition.

The justice had no right to enter the default when in fact there was none.   The only authority to do so is the non-appearance of the cognizor at the time appointed.

No *scire facias* could properly issue from the Circuit Court, until a proper certificate of default had been filed therein by the justice.   It follows that the *scire facias* is void.

There are other errors in the record which it is unnecessary to notice.

The judgment is reversed and the cause remanded.

*Judgment reversed.*