## THE PEOPLE, etc.

### v.

## ALEXANDER CONN ET AL.

1.   RECOGNIZANCE—FAILURE TO APPEAR.—If an accused fails to appear according to the conditions of the recognizance, it becomes the imperative duty of the justice of the peace to record the default, but such default may be set aside in the manner provided by Section 357, Ch. 38, R. S. 1874.

2. CONSTRUCTION OF STATUTE.—The court is of opinion that a reasonable construction of this section is, that upon the failure of the accused to appear at the time fixed by the recognizance, his sureties may apply for a continuance for a reasonable time, to enable the principal to appear and show cause why the default should be set aside.

3. APPLICATION FOR CONTINUANCE.—While, perhaps, too great strictness should not be required in applications for a continuance in cases of this kind, the court is of opinion that some facts should be given tending to show that the accused would be present on the day to which the continuance is asked, and that it is believed a good cause could then be shown for setting aside the default. As the application in this case was fatally defective in these particulars, the justice was justified in refusing the continuance.

ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed June 27, 1883.

Mr. W. C. JOHNS, for plaintiff in error; as to the construction of word "may" in a statute, cited State v. Holt Co. 39 Mo. 521; Ex parte Banks, 28 Ala. 28; Williams v. The People, 24 N. Y. 405; Bausemer v. Mace, 18 Ind. 27; State v. Sweetser, 53 Me. 438; Kellogg v. State Treasurer, 44 Vt. 356; Cutler v. Howard, 9 Wis. 309; Schuyler Co. v. Mercer Co. 4 Gilm. 20; Randolph Co. v. Ralls, 18 Ill. 29; Supervisors v. Young, 31 Ill. 195; Gillinwater v. M. & A. R. R. Co. 13 Ill. 1; Burns v. Henderson, 20 Ill. 264; C. & A. R. R. Co. v. Howard, 38 Ill. 414; Kane v. Footh, 70 Ill. 587; Union School Dist. v. Sterricker, 86 Ill. 595.

Messrs. CREA & EWING and Messrs. MILLS BROTHERS for defendants in error; that the word *may*, when used in a statute, must be construed as mandatory and has the meaning of the word *shall* when used to clothe a public officer with power to do an act which preserves some rights to others, cited Kane v. Footh, 70 Ill. 590; Wheeler v. Chicago, 24 Ill. 107; C. & A. R. R. Co. v. Howard, 38 Ill. 417; Supervisors v. U. S. 4 Wall, 446; Cutler v. Howard, 9 Wis. 285; Schuyler Co. v. Mercer Co. 4 Gilm. 20; Duple v. Borough, etc., 27 N. J. 407; Ex parte Banks, 28 Ala. 28; Ex parte Simonton, 9 Porter (Ala.), 309; Mitchell v. Duncan, 7 Fla. 13; Nave v. Nave, 7 Ind. 122; Bausemer v. Mace, 18 Ind. 27; Black v. Portsmouth, 39 N. H. 435.

The People v. Conn.

DAVIS, J.    This was a *scire facias*, on a recognizance given
for the appearance of the accused at the preliminary examina-
tion before a justice of the peace.

It appears by the record in this case, that on the 2d day of
October, 1882, Adam Stoker appeared before D. C. Corley,
a justice of the peace of Macon county, and made complaint
in writing, under oath, substantially, that on the 1st day of
October, 1882, Alexander Conn made an assault with a dead-
ly weapon upon the person of John Woonicolt with the intent
him to kill and murder.    A warrant was issued by the justice
and the accused forthwith brought before him.    The parties
not being ready for trial, the hearing of the case was by con-
sent of defendant continued to October 9th, at nine o'clock A.
M. and bail fixed at five hundred dollars, which defendant fail-
ing to give, a mittimus was issued and the accused remanded
to jail.

On October 3d the accused came before said justice and
entered into a recognizance with Kemp W. Conn, I. R. Mills
and Andrew H. Mills as his sureties, in the sum fixed as bail
for his appearance at the hearing of the case on the said 9th
day of October at nine o'clock, A. M.

On that day, and after waiting until ten o'clock A. M.
Alexander Conn, the accused, was called but failed to appear.
His sureties were also called, and I. R. Mills alone answered;
but none of his sureties showing any good cause why said
Alexander Conn did not appear, it was considered and ad-
judged by the said justice that the said Alexander Conn was
in default, and said recognizance was by him declared for-
feited.

I. R. Mills, on behalf of his principal and the sureties, asked
for the continuance of the case a reasonable time, for the ap-
pearance of the accused to show cause for setting aside the
default, and in support of his application stated (the State's
attorney waiving an affidavit) that the absence of the accused
was for some cause unknown to the sureties and that the ac-
cused had been seen by the sureties late the evening before, and
had stated that he would be present at the hearing.

The application for a continuance was overruled, and there-

upon the justice of the peace certified the said recognizance with a record of said default to the Circuit Court of said county of Macon, and the same were filed therein on the 11th of November, 1882.

On the trial of this case in the court below, a demurrer to the *scire facias* having been overruled by the court, it was agreed by the parties that all pleas proper to be pleaded should be considered as pleaded, and the issue being joined between the people and the defendant, Kemp W. Conn, Isaac R. Mills and Andrew H. Mills, the cause was tried by the court by agreement without the intervention of a jury, and on such trial the foregoing facts were offered as the only evidence in the case, and upon such evidence the court gave judgment against Alexander Conn on default for the amount of said recognizance and rendered judgment against the plaintiffs and in favor of defendants, Kemp W. Conn, Isaac R. Mills and Alexander H. Mills. To reverse this judgment plaintiffs in error prosecute this writ of error.

In the decision of this case it becomes necessary to give a construction to Sec. 357 of Chapter 38 of the Criminal Code, page 402 of Revised Statutes of 1874.

The preceding section 356 provides: that "a judge or justice of the peace may, for good cause appearing, adjourn an examination or trial pending before himself from time to time as occasion requires, not exceeding ten days at one time, without the consent of the defendant or person charged. In the mean time if the party is charged with an offense not bailable, he shall be committed; otherwise he may be recognized in a sum and with sureties to the satisfaction of such judge or justice of the peace, for his appearance for such further examination, and for want of such recognizance he shall be committed to jail."

Section 357 provides: "if the person so recognized does not appear before the judge or justice of the peace according to the conditions of such recognizance, the judge or justice of the peace shall record the default, but such default may be set aside by the judge or justice of the peace for good cause shown, on the appearance of the accused at any time to which the

matter may be continued by such judge or justice of the peace. And in case such default is not set aside as aforesaid, the judge or justice of the peace shall certify the recognizance with a record of the default to the court having cognizance of the offense, and like proceedings may be had thereupon as upon the breach of the condition of a recognizance for appearance before such court, or an action of debt may be maintained thereon."

Under this section, if the accused fails to appear according to the conditions of the recognizance, it becomes the imperative duty of the justice of the peace to record the default, but such default may be set aside in the manner provided in the section.

It seems to us the reasonable construction of this provision is, that upon the failure of the accused to appear at the time fixed by the recognizance, his sureties may apply for a continuance, for a reasonable time, to enable the principal to appear and show cause why the default should be set aside.

But this application for a continuance must be based upon an affidavit, or showing under oath of some good reason why the continuance should be granted. The sureties are not entitled as a matter of right to the continuance. It is a matter of grace under which, after default, on a proper showing, a future day is given to enable the accused to appear and show good cause why the default was not the consequence of his own fault, neglect or wrong.

In this case an application was made for a continuance, a reasonable time for the appearance of the accused to show cause for setting aside the default, but the only reasons given were, that the absence of the accused was for some cause unknown to the sureties, and that the accused had been seen by the sureties late the evening before and had stated that he would be present at the hearing. No assurances were given or expectations indulged, that if the case should be continued by the justice of the peace to a future day, the accused would or should be present at the time fixed.

Perhaps too great strictness should not be required in applications for a continuance in cases of this kind, but we think

some facts should be given tending to show that the accused would be present on the day to which the continuance is asked, and that it is believed a good cause could then be shown for setting aside the default. The application in this case was fatally defective in these particulars and the justice was justified in refusing the continuance.

Appellees claim they were denied the opportunity of making an application to have the default set aside. Unfortunately for them this is too true. But the law confers no right upon the sureties in the absence of the accused to make such an application. Unless the accused personally appears before the justice of the peace and shows good cause for setting aside the default, the justice and the sureties are powerless to act, and the default must stand.

We think the evidence offered on the trial below presented no legal defense to the *scire facias*, and that the court erred in rendering judgment in favor of appellees.

The judgment therefore must be reversed and the cause remanded.

Judgment reversed.