### The People of the State of Illinois, Appellee, v. Delmar Dorris et al., Appellants.

SCIRE FACIAS—*when upon recognizance held sufficient.* Held, that the *scire facias* in this case stated a cause of action and sufficiently averred the essential elements to a recovery.

*Scire facias.* Appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

W. H. WILLIAMS, for appellants.

G. A. HICKMAN, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellants interposed a demurrer to a writ of *scire facias* issued out of the Circuit Court of Franklin county upon an alleged forfeited recognizance commanding appellants to show cause why such forfeiture

should not be made absolute. The demurrer being overruled and appellants electing to stand by the demurrer, the court entered their default, heard the evidence, found appellants failed to show cause why the judgment of forfeiture should not be made absolute, and ordered and adjudged that appellee have and recover of appellants the sum of five hundred dollars according to the form, force and effect of the recognizance, from which order and judgment appellants appealed.

The only question presented on the record is whether the *scire facias* states a cause of action and we may consider the questions so presented in their order.

First. It is urged that as the recognizance was for the appearance of the defendant at the May term of the court, 1910, and as the averment is, the recognizance was forfeited at a term following, the writ is insufficient in not averring what was done by the court with the recognizance at the May term. It is admitted it would be presumed in the absence of a demurrer that the cause in which the recognizance was taken was unfinished business and had been continued by operation of law, but it is said where a demurrer was filed the presumption does not obtain.

It is averred in the writ that at the November term the defendants did not appear but made default and that the appellants were defaulted, and the recognizance declared forfeited. This was an averment from which it will be presumed there had been nothing done with the cause at the May term before but that it went over as unfinished business and was continued to the November term. The People were not bound to take a forfeiture at the first term and if not so taken it could be taken at a subsequent term as was done here. Norfolk v. The People, 43 Ill. 9; Stokes v. The People, 63 *id*. 489. We think the averments of the writ are sufficient in this regard.

Second. It is insisted there was no averment that the recognizance was certified as required by law, or

that it became a matter of record in the Circuit Court, and the writ was therefore obnoxious to a demurrer.

The *scire facias* standing in place of both summons and declaration must contain all necessary material averments. Farris v. The People, 58 Ill. 26. It should show the recognizance has legally become a matter of record. Shadley v. The People, 17 *id*. 252. And that it has been approved and certified. Rev. Stat. 1910, chap. 38, sec. 295. A *scire facias* cannot issue upon a recognizance until it becomes a matter of record and it is not a matter of record until it is certified and returned into the court. Bacon et al. v. The People, 14 Ill. 312.

"A *scire facias* stands in the place of a declaration and for the purpose of pleading fills the same office. * * * It was sufficient to state the recognizance according to its operation and legal effect or to set it out in its *very words* leaving it to the court to determine its legal effect. (1 Chit. Pl. 335.) The pleader chose the latter course and hence what appears from the recognizance need not be again averred." Lawrence v. The People, 17 Ill. 172.

In this case the pleader did not aver the recognizance according to its legal effect but chose to set it out with its signatures and certificate in *haec verba* and after the signature of the bail as so set out, appears the following: "Taken entered into acknowledged and approved before me this 22d day of April, 1910. T. A. Sinks, J. P." "No form of certificate is given by the statute and it is not material what language is used so that the officer *took* and *accepted* the recognizance for the purposes contemplated by law." Lawrence v. The People, *supra*.

It sufficiently appears that the taking and approval appear from the recognizance set out in the *scire facias* and this is equivalent to such averment. Lawrence v. The People, *supra*.

It was further averred that said recognizance was filed in the clerk's office of the Circuit Court of Frank-

lin county, Illinois, on the 26th day of October, 1910, but there was no express averment that it became a record.

The statute provides that all recognizances taken in criminal cases shall be delivered to the clerk of the court before which the accused is bound to appear on or before the day mentioned in such recognizance for his appearance, and we are of opinion that when certified and delivered to the clerk a recognizance becomes a matter of record upon which a *scire facias* may issue and the further averment that it became a record was unnecessary. Raysor v. The People, 27 Ill. 190.

The *scire facias* stated a cause of action and there was no error in overruling the demurrer and rendering the judgment for the People.

The judgment will be affirmed.

*Affirmed.*