People of State of Illinois, Appellee, v. Harry Young, Defendant-Appellant, and Carolina Casualty Insurance Company, a North Carolina Corporation, Surety-Appellant.

Gen. No. 46,558.

First District, Third Division.

May 11, 1955.

Released for publication June 8, 1955.

Moore, Ming & Leighton, of Chicago, for surety-appellant; George N. Leighton, and Albert W. Jones, both of Chicago, of counsel.

John Gutknecht, State's Attorney of Cook county, for appellee; Gordon Nash, Selig Drezner, Charles D. Snewind, and William Sylvester White, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant surety company appeals from a judgment of the criminal court of Cook county entered June 16, 1954, upon a recognizance executed by defendant. An order of forfeiture of the recognizance was entered in the criminal court of Cook county on December 29, 1953. The recognizance was given before a justice of the peace and was filed in the criminal court of Cook county on February 8, 1954. The scire facias on which the judgment was entered issued February 9, 1954.

The recognizance by its terms required the defendant therein named to appear before the justice of the peace on November 24, 1953. On that day, the defendant failing to appear, the cause was continued to

December 22, 1953, and on the latter day continued to December 29, 1953, at which time the default was entered by the justice of the peace.

Defendant seeks a reversal of the judgment upon the grounds: (1) that the forfeiture entered in the criminal court was premature, the bond not having theretofore been returned by the justice of the peace to the criminal court of Cook county, and that the criminal court had no bond before it when it entered the forfeiture; (2) that the continuances before the justice of the peace were without the consent of the surety and legally result in a discharge of the surety; and (3) that the statute requires that the scire facias be issued to recover on the bond within 30 days after the alleged default, and since the scire facias in the instant case was issued more than 30 days after the alleged forfeiture, the judgment was void.

██ Section 647, Chapter 38, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 37.622], relied upon by the surety, requires that the recognizance be transmitted to the criminal court of Cook county within 10 days after it is filed with a police magistrate or justice of the peace. However, Section 675, Chapter 38 [Jones Ill. Stats. Ann. 37.650], provides that the justice of the peace before whom the recognizance was given may set aside a forfeiture thereon, for good cause shown, on the appearance of the accused at any time to which the matter may be continued. Section 626, Chapter 38 [Jones Ill. Stats. Ann. 37.590], provides:

"No civil action on any forfeited bond or recognizance, shall be barred or defeated, nor shall judgment be arrested by reason of neglect or omission to note or record the default of any principal or surety at the time when it happens, nor by reason of a defect in the form of the recognizance, if it sufficiently appears, from the tenor thereof, at what court the party or witness was bound to appear. . . ."

Conner v. People, 20 Ill. 381, and Bacon v. People, 14 Ill. 312, relied upon by defendant in support of its point that the forfeiture could not be properly entered in the criminal court, since it had no record of a recognizance, are not applicable. The recognizances in those cases were made returnable before the circuit court and not the justice of the peace. That distinction was pointed out in People v. Race, 2 Ill. App. 563.

In Norfolk v. People, 43 Ill. 9, it was held that the People are not bound to take a forfeiture at the first hearing, and if the case is continued a forfeiture may be had at a subsequent hearing. It was there stated:

"If the securities wished to release themselves from further liability, they only had to surrender their principal."

In Stokes v. People, 63 Ill. 489, 490, the court said:

"It is first urged that a forfeiture of the recognizance could only be had at the term at which the accused had been recognized to appear, and that the court had no jurisdiction to declare a forfeiture at the next or any succeeding term. This question was settled in the case of Norfolk v. The People, 43 Ill. 9, where it was held that a forfeiture of a recognizance might be taken at a term of court subsequent to that at which the prisoner was recognized to appear. In this there was no error." (Followed in People v. Dorris, 165 Ill. App. 379.)

Defendant relies on Ogden v. People, 62 Ill. 63, in support of its contention that the continuances in the instant case, without the consent of the surety, discharged the surety. The factual distinction in the Ogden case is that there the defendant appeared on the return day of the recognizance, and the People requested a continuance, which was granted, without requiring a new recognizance. It was there held that when the defendant appeared on the return day of the recognizance, he satisfied fully the obligation of the

surety. In the instant case the defendant did not appear. The defendant surety filed no pleading in the instant case and rested on its motion to quash the scire facias. The scire facias, as amended, was in substantial compliance with the statute.

We think the judgment is correct, and accordingly it is affirmed.

Affirmed.

LEWE, J., concurs.

KILEY, P. J., took no part.