(No. 35505.—

THE PEOPLE *ex rel.* Benjamin S. Adamowski, State's Attorney, Petitioner, *vs.* CHARLES S. DOUGHERTY, Chief Justice of the Criminal Court of Cook County, Respondent.

*Opinion filed May 18, 1960.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, of counsel,) for petitioner.

THOMAS P. SULLIVAN, and ROBERT E. PFAFF, both of Chicago, (THOMPSON, RAYMOND, MAYER, JENNER & BLOOMSTEIN, of Chicago, of counsel,) for respondent.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an original petition for writ of *mandamus,* brought by the State's Attorney of Cook County, to ex-

punge an order of the criminal court of Cook County vacating a bond forfeiture. On *ex parte* application, we granted leave to file the petition, and the case is now before us on the petition, the respondent's answer and the reply.

The chronology of events, as set forth in the pleadings is essential to a consideration of this case. On March 26, 1953, complaint was filed charging Curtis Metcalf with robbery, and on March 31, 1953, he was arrested. He was released from custody on April 2, 1953, upon posting a $2,500 bond with Edward Morris as surety, conditioned upon Metcalf's appearance for hearing on April 30, 1953. At that time, neither Metcalf nor his surety appeared and the presiding justice of the peace ordered "a conditional forfeiture of said bond of $2,500" issued a *capias* for the arrest of Metcalf and continued the case on "conditional forfeiture" to May 28, 1953. The case was subsequently continued three times on which occasions neither Metcalf nor his surety appeared, and on August 20, 1953, the justice of the peace declared the "conditional bond forfeiture" to be final.

On August 24, 1953, the transcript of the bond forfeiture proceedings was certified to the criminal court of Cook County, and on October 14, 1953, a *scire facias* was served upon the surety and endorsed not found as to Metcalf. The surety filed a special appearance on October 22, 1953, for the purpose of moving to quash the writ. The hearing on the writ was continued from time to time until February 11, 1954, when judgment was entered after hearing, against the principal, Metcalf, and the surety, Morris, in the amount of $2,500. On December 4, 1956, a satisfaction of judgment was filed in the *scire facias* proceeding.

Thereafter, on March 27, 1937, the surety, Morris, moved to vacate the *scire facias* judgment of February 11, 1954, on the ground that the judgment was void for want of jurisdiction. After numerous hearings, the court entered an order on November 14, 1957, vacating such judgment.

On July 3, 1959, the State's Attorney filed a motion in the criminal court to vacate all orders in the *scire facias* proceeding subsequent to the judgment order of February 11, 1954, on the ground that all such orders were void. This motion was denied on July 10, 1959. Thereafter, the State's Attorney, pursuant to leave of this court, filed this original petition for writ of *mandamus* to expunge the order vacating the judgment order of February 11, 1954.

It is to be noted that both the State's Attorney and the surety Morris have eschewed the normal method of appeal in these proceedings, but have preferred to rely upon the inherent judicial power of the trial court to expunge void orders, rather than upon the decision of an appellate tribunal as to the existence of error in the trial court proceedings.

The February 11, 1954, judgment order on the *scire facias* was the first order which was attacked on the ground of voidness. The gist of the argument by the surety Morris, in the first instance, and by the respondent here, was that the justice of the peace effected a complete forfeiture of the bond on April 30, 1953, when he declared a "conditional forfeiture," and ordered a *capias* to issue; that the writ of *scire facias* here under consideration, issued October 14, 1953, was returnable more than 60 days after the date of such forfeiture, contrary to the provisions of the statute; (Ill. Rev. Stat. 1953, chap. 38, par. 625,) and that therefore the criminal court was without jurisdiction in the *scire facias* proceeding and its judgment order was void.

Upon the basis of this argument, the criminal court held that it lacked jurisdiction to enter the judgment order of February 11, 1954, and, on November 14, 1957, vacated such order. The vacation order is now, and was subsequently, attacked as void by the State's Attorney in that the judgment order of February 11, 1954, was valid and the motion to vacate it came too late.

The conventional method of reviewing either the judgment order of February 11, 1954, or the vacation order of

November 14, 1957, would have been by appeal. While no reason is suggested why this method was not followed by the surety in the first proceeding, the State's Attorney seeks to excuse his failure to appeal from the latter order because of the alleged dereliction of duty of a former member of his staff.

However, the State's Attorney's lack of personal knowledge of the vacation of the judgment order cannot serve as a confession and avoidance of the recognized law for reviewing final judgments. To the extent that he acts through properly authorized assistants, he must be presumed to have notice of matters occurring in proceedings handled by them. If the vacation order of November 14, 1957, was erroneous but not void, his failure to appeal therefrom leaves that order in full force and effect. If, however, that order was void, we should not hesitate to order it expunged from the record. *People ex rel. Swanson v. Sullivan*, 339 Ill. 146.

The question of the criminal court's jurisdiction to enter the vacation order did not involve jurisdiction of the parties or of the subject matter generally. The parties were before the court and the court had jurisdiction to vacate a void order. The issue was rather, whether that court had jurisdiction to enter the particular order complained of, or whether such order transcended the limits of its jurisdiction. *Armstrong v. Obucino*, 300 Ill. 140.

On April 30, 1953, the justice of peace before whom the complaint against Metcalf was pending could legally have pursued one of the following courses: (1) declare the bond forfeited, (Ill. Rev. Stat. 1953, chap. 38, par. 625; cf. *People ex rel. Swanson v. Sullivan*, 339 Ill. 146, 152, 153); (2) continue the case to another day "for good cause appearing," "not exceeding 10 days at one time without the consent of the defendant" (Ill. Rev. Stat. 1953, chap. 38, par. 674; cf. *People v. Young*, 6 Ill. App. 2d 123, 126; *People v. Dorris*, 165 Ill. App. 379; *Stokes v. People*, 63

Ill. 489, 490); and (3) "record for default," and for good cause continue the case to another day, not exceeding ten days, however, without the consent of the defendant. Ill. Rev. Stat. 1953, chap. 38, pars. 674 and 675; cf. *People* v. *Conn*, 13 Ill. App. 329, 332-333.

However, none of such procedures were followed. Instead, he made a docket entry reciting that the defendant was called in open court and did not answer and that the bond of $2,500 was "conditionally forfeited." He ordered *capias* to issue for defendant's arrest and continued the case to May 28, 1953.

Morris urged, and the trial court held, that the issuance of the *capias* on April 30, 1953, effectuated a forfeiture of the bond on that date. The Criminal Code required that the writ of *scire facias* shall be returnable not less than 30 nor more than 60 days from the date of such forfeiture, which would have been between May 30 and June 29, 1953. (Ill. Rev. Stat. 1953, chap. 38, par. 625.) However, the State's Attorney did not institute the *scire facias* proceeding until October 14, 1953. Therefore, Morris contended, and the respondent here asserts, that the judgment order of February 11, 1954, was void.

The respondent failed to establish any statutory basis for the order of November 14, 1957. The petition to vacate the judgment order of February 11, 1954, was filed more than two years after the entry of such order and otherwise did not meet the requirements of section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1953, chap. 110, par. 196.) It was not filed within 15 months and Morris therefore was not entitled to the benefit of the provisions of the Criminal Code pertaining to modifying or vacating the judgment of forfeiture. Ill. Rev. Stat. 1953, chap. 38, par. 625f.

The "Act in relation to final judgments * * *" (Ill. Rev. Stat. 1953, chap. 77, pars. 82 and 84) offered no foundation for the vacation of the February 11, 1954,

order other than its voidness. However, it has long been the law that if a judgment is void, a motion to vacate it is not affected by the passage of time, and the judgment may be set aside on motion made in the trial court at any time after its entry. 23 I.L.P. par. 174, page 263.

The petition to vacate that order alleged that the *scire facias* judgment order and the forfeiture was of "nonjudicial consequence and void." In the subsequent petition to vacate the order of November 14, 1957, the State's Attorney alleged that the February 11, 1954, order was valid. It appears from the report of proceedings that the validity of the order of February 11, 1954, was extensively argued at both the hearing on the Morris motion to vacate that judgment order and on the People's subsequent motion to vacate the order of vacation of November 14, 1957.

The entire record establishes that the trial court was squarely presented with the question of the validity of the February 11, 1954, judgment order. After full hearing, it determined that the judgment order was void and vacated it. The voidness of an order is a matter for judicial determination and such action was within the trial court's jurisdiction. *Cash* v. *Maloney,* 402 Ill. 528; *Ward* v. *Sampson,* 395 Ill. 353; *Armstrong* v. *Obucino,* 300 Ill. 140.

The *scire facias* was not issued and made returnable within the time prescribed by the statute and it was contended in the trial court, and is argued here, that the statute is mandatory. (See *People ex rel. Swanson* v. *Sullivan,* 339 Ill. 146, 152; *People* v. *Rocco,* 4 Ill. App. 2d 238, 242.)

It is well settled that a court has the power to determine the necessary basis for its own jurisdiction when such an issue is presented to it. *Fico* v. *Industrial Com.* 353 Ill. 74, 79; *Gardner* v. *Maroney,* 95 Ill. 552, 559; *Baldwin* v. *Iowa State Travelling Men's Ass'n,* 283 U.S. 522, 75 L. ed. 1244.

The criminal court had jurisdiction to expunge a void judgment order and even though its order of November

14, 1957, vacating the judgment order may have been erroneous, it was final, appealable and binding upon the People unless reversed upon appeal. *City of Elmhurst* v. *Kegerreis,* 392 Ill. 195; *Hicks* v. *Hicks,* 20 Ill. App. 2d 139.

No appeal was taken from this judgment order. Nothing further occurred in the case until July 3, 1959, when the State's Attorney filed a motion in the *scire facias* proceeding asking that all orders entered therein after February 11, 1954, be expunged. This motion was denied on July 10, 1959, and the motion for leave to file an original petition for writ of *mandamus* in this court, filed September 18, 1959, was the next action by the People in connection with this matter.

"The writ of *mandamus* cannot be used as a substitute for an appeal or to correct judicial error. (*People ex rel. Furlong* v. *Board of Election Commissioners,* 404 Ill. 326, 330; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210, 216.) It is a proper remedy to expunge void orders, does not issue as a matter of right, (*People ex rel. Furlong* v. *Board of Election Commissioners,* 404 Ill. 326,) and should be awarded only in the exercise of sound judicial discretion in accord with legal principles, (*People ex rel. Cannella* v. *City of Chicago,* 7 Ill.2d 416,) and only where the plaintiff establishes a clear right to this extraordinary remedy. *People ex rel. Pignatelli* v. *Ward,* 404 Ill. 240." *People ex rel. Hoagland* v. *Streeper,* 12 Ill.2d 204; also see: *People ex rel. Atchison, Topeka and Santa Fe Railway Co.* v. *Clark,* 12 Ill.2d 515.

We therefore conclude that the writ of *mandamus* must be denied.

*Writ denied.*