Jackson, J.,
delivered the opinion of the Court.
The plea in abatement has not been exhibited to the Court; and the only objection suggested by the counsel for the defendant arises from the form of the action. We have, therefore, considered the -ose as if a general demurrer had been filed by the defendant
The question is, whether debt lies on such a recognizance; the defendant contending that the only remedy of the Commonwealth is by scire facias.
Before the statute of Westm. 2, if the party who had recovered judgment in a personal action, or the conusee in a recognizance, had failed to sue out execution thereon within the year, he had no remedy but by action of debt on the judgment or recognizance. By that statute [c. 45] a scire facias is given in such a case, in order to avoid the delays to which the plaintiff was exposed in a suit by original writ. This did not take away the remedy at common law ; but the party might waive the benefit of the statute, and take his original action of debt.(1) There are, accordingly, numerous examples in the books, of debt on a recognizance brought and maintained by private individuals. It was, indeed, once held, that debt would not lie by the original plaintiff against bail on their recognizance ; because, as it was supposed, it would deprive the bail of some advantages to which they were entitled ; as, that of bringing in the principal before the return of the second scire facias, &c. (2) But this was afterwards overruled; and the Court said, that the bail should have the same time for the render of the principal as if he had been sued bj scire facias.(3), †
The only question, then, is, whether there is any difference between a recognizance made to the sovereign and one made to a subject. At common law, the king may maintain any action adapted to his case, which a subject under like circumstances might maintain. (4) This is the general rule ; although in some cases he may [* 3 ] by his prerogative have a * different, and, perhaps, a better remedy than is allowed to the subject. It seems this had once been doubted ; and Theloal, who maintains the affirmative, cites many instances of different actions maintained by the king; and among them is the action of debt. (5)
In RastelVs Entries, title Debt, are several precedents of debt on recognizance; and one of them is by the king, on a recognizance to appear before a certain court, and in the mean time to keep the *11 peace, &c., and a breach is alleged in an assault and battery committed by the conusor. (6)
We, therefore, see no objection to the Commonwealth’s maintaining debt, instead óf scire facias, upon a recognizance; and it may be often for the public interest to adopt this remedy, in preference to the other, for the reason mentioned by the counsel for the Commonwealth, in the argument of this cause ; that the defendant, in an action of debt, may be holden to bail, or his property attached, neither of which can be done upon a scire facias.
The statute of 1810, c. 80, relating to defendants in actions of scire facias, is intended to grant relief to citizens who may be indebted to the Commonwealth in a recognizance like the one in question ; and it cannot be supposed that the legislature intended that their benevolent designs should be frustrated by a change in the mere form of action. This case is clearly within the equity of that statute; and perhaps the Court would find no difficulty in deciding, as in the case before cited from Lord Raymond, that the defendant should not be deprived of any fair advantage to which he would have been entitled on a scire facias.
But this question is not now before us ; and, even if the relief granted by the legislature in the statute were confined to actions of scire facias, that could not alter the law, which allows an action of debt to be brought on such a recognizance.
The entry must be, that the plea in abatement is bad and insufficient ; and that the defendant answer over.

 2 Inst. 472.

 Sir T. Raym. 14.

 1 L. Raym. 720.

 Lane vs. Smith, 2 Pick, 282. — Pierce vs. Reed, 2 N. H. Rep. 359. — Hunter v. Hill, 2 Hayw. 223

 3 Inst. 136.

 Thel. Lib. 1, c. 3.

 Rast. Ent. 192. [See Rev. Stat., Chap. 135, § 30. — Ed.]