## The State *versus* William S. Folsom & al.

An action of debt may be maintained upon a recognizance to the State in a criminal proceeding.

If an action of debt be brought upon a recognizance to the State, and the declaration sets out the facts in manner appropriate to a declaration in *scire facias*, it will be bad on demurrer.

But the declaration may be amended by declaring appropriately in debt, upon terms; such as relinquishing costs for the State.

The writ commenced in the usual form of a blank writ of attachment, commanding the defendants, William S. Folsom and Hiram Folsom, to appear at the November Term of the Eastern District Court for this county, 1845, to "answer unto

the State of Maine in a plea of debt, for that whereas an in-dictment, found by the grand inquest of said county against said William S. Folsom for the crime or offence of larceny," at the November term of the Court in this county, 1844, was pending, and setting out particularly, that he was then and there ordered to recognize for his appearance ; that he did so recognize as principal, and the other defendant as surety, set-ting out the recognizance at length ; that the principal forfeited the penalty by his neglect to appear at the May Term of said Court, 1845; that thereby the sum became forfeited, and has not been paid ; and concludes thus : — " We therefore, wil-ling to have the said sum due to us, with speed paid and satis-fied as justice requires, command you that you make known unto the said William S. Folsom and Hiram Folsom, that they be before our Justice of our District Court (at said November Term, 1845) to show cause, if any they have, why we ought not to have judgment, and our writ of execution thereupon, against them, for the sum forfeited by them and costs, and further to do and receive that which the said Court shall then consider. To the damage of said plaintiffs," &c.

The defendants demurred.

*Morrison*, for the defendants, contended that the action of debt would not lie in favor of the State upon a recogniz-ance entered into in a criminal case, and cited Rev. St. c. 171, § 29 ; st. 1845, c. 161 ; *Cram* v. *Keating*, 13 Pick. 339 ; *Pierce* v. *Reed*, 2 N. H. R. 359. The statute of 1845, is imperative that the principal may be surrendered on pay-ment of costs.

But if the action of debt may be maintained in proper form, this declaration is bad.

*Moore*, Att'y Gen'l, for the State, contended that an action of debt would lie in a case like this, and cited 1 Chitty on Pl. Action of debt ; *Commonwealth* v. *Green*, 12 Mass. R. 1.

If the declaration is not entirely formal, it may be amended, so as to make it properly *scire facias*, or debt. Rev. St. c. 114, § 51 ; *Austin* v. *Bell*, 13 Pick. 90.

The opinion of the Court, Tenney J. not being present at the argument, was drawn up by

Whitman C. J. — This purports to be an action of debt, in which the sheriffs were commanded to attach the goods and estate of the defendants; and is grounded upon a recognizance, taken for the appearance of the defendant, Folsom, to answer to a criminal charge against him. In issuing the writ, instead of declaring in the form proper to an action of debt, the recitals proper to a *scire facias,* are relied upon; and the conclusion is with an *ad damnum.* The defendants demur to the writ and declaration.

The first question raised, is as to the maintenance of an action of debt upon a recognizance to the State, in a criminal proceeding. In support of this objection it is urged, if debt, instead of *scire facias,* would lie, that the defendants would be deprived of an important privilege, secured to them by the statute of 1845, c. 161, which is, that the bail may, upon *scire facias,* upon a recognizance, surrender their principal in Court, at any time before final judgment, on payment of the costs of *scire facias.* It is insisted, also, that the cases of *Pierce* v. *Reed & al.* 2 N. H. Rep. 359, and *Cram* v. *Keating & al.* 13 Pick. 339, are against the maintenance of an action of debt upon a recognizance. But those were cases of debt upon bail bonds, taken to the sheriff, and it was holden, that he could not maintain any such action, he having no interest in the bonds taken and debt to be recovered; and that *scire facias* in the name of the creditor, was the only remedy in such cases, the same having been specially provided for the purpose, by statute. The case, therefore, of debt on a recognizance to the State, or to an individual, is not within the principle adopted in those cases; and accordingly it has been held (*Commonwealth* v. *Green,* 12 Mass. R. 1,) that debt lies to the Commonwealth on a recognizance, as well as *scire facias.* In that case, the objection, now raised under the statute cited, was fully considered; there having been at that time a statute in force, in Massachusetts, of which this State was then a part, similar to the one in question. Mr. Justice Jackson, in deliver-

ing the opinion of the Court in that case, says, "even if the relief granted by the legislature in the statute, were confined to actions of *scire facias*, that could not alter the law, which allows an action of debt to be brought on such a recognizance." But he says, "it cannot be supposed that the legislature intended, that their benevolent designs should be frustrated by a change in the mere form of action. This case is clearly within the equity of that statute. And he cites, Sir T. Raymond, 14, and the 2d of Lord Raymond, 720, as showing, that defendants, the bail, in such cases would be allowed the same privileges as to the surrender of their principal, as on *scire facias*. We, therefore, feel no hesitation in coming to the conclusion that an action of debt is sustainable in this case; and when the question shall be presented, whether the bail can surrender their principal in such cases, we may say, with Mr. Justice Jackson, in the above case, that, "perhaps, the Court would find no difficulty in deciding, as in the case before cited from Lord Raymond, that the defendant should not be deprived of any fair advantage to which he would have been entitled on *scire facias*."

The next question is, as to the declaration, which clearly is informal, and as if the process were in *scire facias*. How such an oversight should have occurred, is not understood. The error, however, under our statutes of *jeofail*, may be amendable. By the Rev. Stat. c. 115, no abatement or arrest of judgment is admissible "for any kind of circumstantial errors or mistakes, when the person and case may be rightly understood." And Mr. C. J. Shaw, in *Bell* v. *Austin*, 13 Pick. 90, in view of a similar provision in the statutes of Massachusetts, remarks, that where Courts have jurisdiction of the subject matter, the proceedings "may be shaped and varied so as to reach the justice of such case." Such alterations, however, are not always to be made but upon terms. These are to be imposed at the discretion of the Court; but are never refused when the amendment allowed is in matter of substance. The defendants in this case could not have had any difficulty in understanding the cause of action. That is most

State *v.* Folsom.

circumstantially disclosed; much more so even than if the declaration were appropriately in debt. But an amendment, making the appropriate declaration, would be of a matter in substance, and therefore terms must be imposed. Between individuals the terms would ordinarily be on the payment of costs by the party amending, but as it is not according to rule for the government to be ordered to pay costs, the declaration must be adjudged bad; and the plaintiffs may, on motion, be allowed to amend by declaring appropriately in debt, on relinquishing their costs.