NATHANIEL A. SHUMWAY *v.* LEONARD SARGEANT.

*Scire facias. Original jurisdiction of the supreme court. Recognizances, where of record.*

The supreme court has power to issue writs of *scire facias*.

Writs of *audita querela* are to issue from the supreme court when the record is in that court.

A recognizance taken by an inferior court or magistrate becomes a matter of record in the supreme court, if the suit or proceeding in which it is taken is finally determined in that court.

And a recognizance taken upon a petition to the county court, for a new trial in a justice suit, becomes, if the new trial be granted, a security in the principal action, and a matter of record in the supreme court if the suit be finally determined there.

SCIRE FACIAS upon a recognizance. The writ was made returnable to this court, and alleged that the plaintiff had recovered a judgment, by default, before a justice of the peace, against one Walter J. Shepherd, whereupon the said Shepherd preferred his petition to the county court, representing that he was prevented by accident from having his day in said justice court, and praying to have said judgment set aside, and the action tried by said county court; and that thereupon the defendant became recognized to the plaintiff before the judge of the county court, who signed the citation issued upon said petition, " conditioned that if said Shepherd " should fail to prosecute his said application to effect, or finally " recover in said action, to pay the said Shumway all intervening " costs that should accrue to him by reason of said petition having " been preferred,"—and that upon said petition the judgment of the justice was reversed, and a new trial granted to said Shepherd in said county court;—and that, upon said new trial, the plaintiff obtained a judgment against the said Shepherd, by whom exceptions were taken, and the cause carried to the supreme court, wherein said judgment of the county court was affirmed;—and that the said judgment of affirmance by said supreme court, was wholly unsatisfied,—that the intervening costs had never been paid, and that the defendant's recognizance was wholly broken,—and called upon the defendant to show cause why the plaintiff should not have execution against him, &c.

The defendant moved to dismiss.

By the court, REDFIELD, CH. J. This is a *scire facias*, brought on recognizance to this court. The first question made is, that this court have no authority to issue writs of *scire facias*. This objection is founded upon the statute giving this court power to issue writs of error, certiorari, mandamus, prohibition and *quo warranto*, ch. 28, § 5. But it is to be noticed, that these writs all pertain to that class denominated prerogative or supervisory writs, and all

have reference to proceedings in subordinate tribunals. But the writ of *scire facias* is one which pertains to all courts of record, as a judicial writ to carry into effect its own judgments. And all courts of record, unless prohibited, have the power to issue it. The writ is brought in this court every year, against bail on mesne process, and no doubt was ever entertained of the right of the court to grant the writ. I find no express authority in the statute for the county court to issue such writs, as a general thing it being incident to their general powers.

There is no express statute giving this court authority to grant writs of *audita querela;* still, it has been held, if the record is in this court, that the writ is to issue from it. Accordingly it has been repeatedly sustained. Some of the cases are reported, and some not. *Phelps* v. *Slades*, 13 Vt. 195, was an *audita querela*, issuing from this court, as I well know, having granted the writ, and the case was sent to the county court, for trial on the general issues, and the case reported does not show very distinctly where the writ did originate. So too, *Comstock* v. *Grout*, 17 Vt. 512, is the case of an *audita querela* in this court, and continued for the pleadings to be closed in this court. We entertain no doubt of the general power of this court to issue writs of *scire facias*.

It is objected, too, that the recognizance did not become a record in this court. But we think the case of *Carlton* v. *Young*, 1 Aik. 332, must be regarded as settling the general question of recognizances taken in a case, finally ended in the supreme court, that they do thereby become matters of record in this court.

But it was said this recognizance did not become matter of record anywhere, unless before the judge taking the instrument. But we entertain no doubt that, such recognizances become matter of record in that proceeding in the county court, the same as does any recognizance, taken by the authority issuing a county court writ. And we might have entertained doubt, whether it became matter of record, in the principal action, and did not end with the judgment granting the new trial, if it were not for the express provision of the statute, that the condition of this recognizance shall be forfeited, "if the petitioner shall fail to prosecute his application to " effect, or *finally to recover in such action*," thus showing the expressed purpose of making it a security in the principal action.

And this court have held, too, I think, in case of these petitions, if allowed in the county court, questions of law could not come into this court, until the principal action was finished, thus treating the matter as all one action.

Motion to dismiss overruled, and cause continued for further pleadings.