STATE OF MAINE *vs.* JOSEPH CHANDLER and another.

Aroostook.    Opinion February 26, 1887.

*Scire facias. Recognizance. Non-joinder of parties. Pleadings. Demurrer.*
R. S., c. *133*, § *20.*

*Scire facias* upon a recognizance, taken in a criminal proceeding, is a civil action.

*Scire facias* against two of the three persons who jointly and severally recognized, upon such recognizance, cannot be sustained, while the third remains liable to an action thereon; and when the declaration shows that three recognized and does not allege a reason why the third was not joined, the non-joinder may be taken advantage of by demurrer.

Revised Statutes, chap. 133, § 20, does not authorize a mis-joinder or non-joinder of parties, to a recognizance, under the rules of pleading.

ON exceptions to the ruling of the court in overuling a demurrer to the declaration.

The opinion states the case.

*Charles P. Allen*, county attorney, and *Lewis C. Stearns*, for the state.

Should the court decide that the demurrer is properly before them, then we submit that inasmuch as it is general there are no defects in the writ and declaration which it may reach. The person and case can be rightly understood, and the process clearly falls within the rule embraced in sec. 25 of c. 133 of the R. S.

That three were bound and only two sued does not render the writ and declaration ill on general demurrer. The joinder of all is not necessary. But granting it were it is submitted that the non-joinder could only be taken advantage of by a plea in abatement. *Wilson* v. *Nevers,* 20 Pick. 20 ; *Tuttle* v. *Cooper*, 10 Pick. 281 ; *Elder* v. *Thompson*, 13 Gray, 91 ; *Simonds* v. *Turner*, 120, Mass. 328 ; *White* v. *Cushing,* 30 Maine, 267 ; *Reed* v. *Wilson*, 39 Maine, 585.

The rule laid down in *Harwood* v. *Roberts*, 5 Maine, 381, and in Gould's Pl. c. 5, sec. 115, that when the declaration shows more are liable than are sued, it is bad on demurrer, does not apply in this case.

Indeed it has been held by the Massachusetts court that non-joinder of defendants in certain actions of debt is not abatable. *Boutelle* v. *Nourse*, 4 Mass. 430 ; 5 Mass. 265.

*Wilson and Lumbert* and *Powers and Powers* for defendants, cited : 1 Bouvier's Dict. 356, § 12 ; 4 Blackstone, 465 ; *Harwood* v. *Roberts*, 5 Maine, 441 ; Gould's Pl. c. 5, § 115 ; 1 Chitty's Pl. (16 Am. ed.) 54 K ; Spaulding's Practice, 513 ; *Richmond* v. *Toothaker*, 69 Maine, 455 ; *Rand* v. *Nutter*, 56 Maine, 341 ; *Tappan* v. *Bruen*, 5 Mass. 193 ; *Com.* v. *Downey*, 9 Mass. 520 ; *State* v. *Brown*, 41 Maine, 535 ; *Bridge* v. *Ford*, 7 Mass. 209.

FOSTER, J. The defendants as sureties, together with one Benjamin R. Condon as principal, entered into a joint and several recognizance upon an indictment found against the said Condon

as a common seller of intoxicating liquors. Default having been entered against all the parties upon the recognizance, *scire facias* is brought against these two defendants who file a general demurrer.

The only question involved is whether the proper parties are joined as defendants in this action.

It is the general rule in actions *ex contractu* that objection to the non-joinder of a defendant can be taken only by plea in abatement, thereby giving the plaintiff a better writ, by therein disclosing the names of those who ought to be joined. *Harwood* v. *Roberts*, 5 Maine, 442; *Reed* v. *Wilson*, 39 Maine, 586; *Richmond* v. *Toothaker*, 69 Maine, 455. But to this rule there is an exception, as well settled as the rule itself, — that if it appears from the face of the declaration or other pleading on the part of the plaintiff, that a person not made defendant was a joint contractor with those who are defendants in the suit, there being no averment of the death of such person, then such non-joinder is good ground for demurrer, as well as abatement. *Harwood* v. *Roberts*, *supra*; *Richmond* v. *Toothaker*, *supra*; Gould Pl. c. 5, § 115; 1 Chit. Pl. 46*; *McGregor* v. *Balch*, 17 Vt. 567.

It is likewise held to be ground for demurrer where there is a mis-joinder of defendants, in actions upon contract, where too many persons are made defendants and the objection appears upon the face of the plaintiff's pleadings. Chitty states it thus: "If *too many* persons are made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; and even if the objection do not appear upon the pleadings, the plaintiff may be non-suited upon the trial, if he fail in proving a joint contract." 1 Chitty Pl. 44*; Gould Pl. c. 5, § 104. "If it appears on the pleadings, it gives rise to a demurrer; if it appears at the trial, to an adverse verdict." Dicey on Parties, 507.*

It is elementary law that where three or more parties contract jointly and severally, all are to be sued in one action, or each may be sued severally. It is improper as all the authorities hold

to join two and omit the others, for in such case they are sued neither jointly nor severally, as they promised. And in case the plaintiff does not see fit to proceed against them severally, it is the undoubted right of the defendants to have all their joint promisors or obligors joined with them in the suit. *Harwood* v. *Roberts, supra*; *Bangor Bank* v. *Treat*, 6 Maine, 207.

The recognizance in this case, although taken in a criminal process, and depending for its validity upon a record based upon such proceeding, is wholly collateral to the original proceeding, and in its nature a civil matter. *State* v. *Baker*, 50 Maine, 53. It is an obligation of record (*Longley* v. *Vose*, 27 Maine, 188) founded upon contract, (*State* v. *Boies*, 41 Maine, 345) and entered into by the recognizors upon certain conditions (*State* v. *Burnham*, 44 Maine, 284) upon the breach of which the recognizance became forfeited, and an absolute debt of record, in the nature of a judgment, was created, and upon which *scire facias* properly lies for the recovery of the forfeiture. *State* v. *Kinne*, 39 N. H. 135, 137; *State* v. *Harlow*, 26 Maine, 75; *Commonwealth* v. *Green*, 12 Mass. 1; *Commonwealth* v. *McNeill*, 19 Pick. 138.

But *scire facias* upon a recognizance entered into in a criminal proceeding, in no respect partakes of the original criminal proceeding out of which it originated, but is held to be a civil action, *State* v. *Harlow*, 26 Maine, 76; *State* v. *Kinne*, 41 N. H. 239; *Commonwealth* v. *McNeill*, 19 Pick. 138; *McLellan* v. *Lunt*, 14 Maine, 257; *State* v. *Baker*, 50 Maine, 53.

This action, then, must stand or fall like any other founded upon contract. It is brought against two only of the three parties who jointly and severally recognized to the state — now plaintiff in this suit. It is not brought against them in accordance with their obligation entered into by them. They are sued neither jointly nor severally. There are too many joined as defendants to correspond with their several obligation — too few to correspond with it as joint. This being so, the misjoinder in the one case, or the non-joinder in the other, as we have said, is good ground of demurrer, since the fact appears upon the face of the plaintiff's declaration that there was a joint and several

obligation entered into by three, all of whom are known as well to the plaintiff as to the defendants in this suit.

It makes no difference that one of the recognizors was the principal in the criminal process, and the other two were his sureties. The recognizance itself determines the liability of the parties, and, as appears from the record, that liability was joint and several in relation to the three parties who became bound by it. It was not a joint and several undertaking on the part of the sureties only; and the plaintiff can not, by its pleading, change their liability from that which they assumed. The case of *Commonwealth* v. *McNeill supra*, was *scire facias* upon recognizance taken in a criminal proceeding as in the case at bar, but against only one of three who had severally recognized. In that case as in this, one of the recognizors was named as principal and the other two as sureties, and all recognized in the same sum. One of the objections raised at the trial related to an alleged variance between the allegations and the proof. "On reference to the recognizance," says SHAW, C. J., "it appears that the parties were severally bound, and therefore it was a several recognizance by each; though as all were joined in one recognizance, they might have been proceeded against jointly."

No intimation is given by the court that they were liable except jointly or severally.

Attention has been called to R. S., c. 133, § 20, which provides that " when a person, under recognizance in a criminal case, fails to perform its condition, his default shall be recorded, and process shall be issued against such of the conusors as the prosecuting officer directs," etc.

Whether the "process" mentioned is such as has been commenced in this case, it is unnecessary to determine at this time, and with the facts as they exist in relation to the proceeding before us; for, even if this is such process as the statute contemplates, we can not believe it was the intention of the legislature to give the prosecuting officer authority to violate well settled rules of pleading. Full efficacy can be given to the statute without any such violation. Were it otherwise, then there might be reason in giving the statute such a construction as would

accomplish the object sought to be attained in its enactment.

Whether or not an amendment would be proper, and if so, upon what terms, is a matter to be considered by the court below.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.