STATE *vs.* WILLIAM O. DWYER and CHARLES E. BARKER.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START, and THOMPSON, JJ.

*Action on Forfeited Recognizance—Authority to Chancer—Scire Facias and Debt.*

A recognizance taken on appeal for the appearance of the respondent in the county court is a part of the main case and remains so even after a judgment of forfeiture. Such judgment can be enforced only by a

proceeding thereon in which respondent and surety are given opportunity to answer, and the forfeiture may be stricken off, or the bonds chancered, at any time before final judgment.  Under the Vermont statutes this power to chancer resides in the county court only, and an action of debt cannot be maintained upon the forfeited recognizance in another court.

The usual remedy upon à forfeited recognizance is *scire facias*, and that can be brought only in the court where the record lies.

Where the statute confers the right to chancer, the remedy by debt is inapplicable because the amount is uncertain.

SCIRE FACIAS upon a recognizance. Plea, former judgment upon the same cause of action in the city court of the city of Rutland. Replication that the city court had no jurisdiction. Joinder of issue. Upon hearing it was agreed that the replication should be treated as demurred to and considered as tendering an issue of law upon the question whether the city court had jurisdiction. Acts of 1892, No. 110, creating the city court, was referred to. Heard at the March Term, 1897, Rutland County, *Tyler*, J., presiding. Judgment, *pro forma*, that the replication is insufficient. The plaintiff excepted.

*Bates & May* for the plaintiff.

*Joel C. Baker* for the defendants.

TYLER, J.   The defendant Dwyer was, on the 4th day of May, 1896, prosecuted in the city court of Rutland for selling intoxicating liquor without authority, adjudged guilty and sentenced to pay a fine and costs, from which judgment and sentence he appealed to the September Term, 1896, of the Rutland County Court, he as principal, and defendant Barker as surety, recognizing in the usual form in the sum of fifty dollars for his appearance at that term. The appeal and the record of the proceedings before the city court were duly entered in the county court, the case was set for trial, and Dwyer not appearing, the recognizance was adjudged forfeited. No motion was made to chancer. In November, 1896, an action was brought in the city court in behalf of the State against these defendants upon the

forfeited recognizance, and judgment was rendered therein for a nominal sum in damages and costs. *This* action was afterwards brought to the March Term, 1897, of the county court.

The defendants contend that the action in the city court was technically an action of debt, that that court has jurisdiction of all actions of a civil nature where the debt, damage or matter in demand does not exceed five hundred dollars, that the judgment was upon the merits and is a bar to the present action. The State claims that the city court had not jurisdiction.

In passing upon this question it is necessary to consider the relation of the surety to his principal and to the case, and the nature of the judgment of forfeiture. Upon a complaint being made against a person a warrant issues against him and he is arrested thereon, and the court has power to commit him to jail to await his trial unless he furnishes recognizance for his appearance. If he furnishes recognizance that takes the place of and is intended to secure the same end as the warrant. The accused then puts himself into the custody of his surety and the surety becomes his jailor to have him in court when called, as the keeper of the jail would have been his jailor under the warrant. The term, to bail, signifies to deliver, and at common law was the delivery of the respondent to the persons who became sureties for his appearance, and who were, until that time, his jailors. Nothing would exonerate them from producing him in court but his death or sickness—not even his insanity nor his imprisonment for crime in another jurisdiction. Tidd's Prac. 251.

As the accused, by his recognizance, has agreed to be present in court, his bail has the right and is under a duty to have him there, and may take him wherever he can find him and bring him in. To that end he may use as much force as is necessary, or have a bail-piece to bring him in and exonerate himself. The purpose of the law is to secure the

person of the accused so that he may answer the charge and submit to punishment if found guilty.

In the present case, the respondent having been adjudged guilty in the city court, was held by the warrant, and, on taking an appeal, if he had not furnished bail, might have been committed thereon to jail to await his trial in the county court.   By giving the recognizance he put himself into the custody of his surety, who became his jailor and had the right to have him in the county court—where the case had gone by the appeal—according to the terms of the recognizance, and to have an *exoneretur* entered in the case.

This shows that the recognizance is a part of the main case; that it is taken to save the respondent from commitment to jail while awaiting trial; that upon the surrender of him the surety is entitled to be discharged, and that the judgment of forfeiture is entered only upon the failure to produce him.   The calling of the bonds is an order of the court to the surety to produce his principal.   The character of the recognizance is not changed by the judgment of forfeiture; it is only judicially determined that its condition has been broken.   The judgment is not enforceable without further proceedings.   There must be a declaration upon it and the respondent and surety given a chance to answer it. The respondent may yet be brought in, when the court will relieve the surety of so much of the penalty as, in the circumstances, it deems just.

The recognizance for Dwyer's appearance is an inseparable part of the proceedings against him, and is a means in the hands of the court to bring him in.   It cannot cease to be a part of the case until there is a final judgment in the county court.   Before that time the judgment of forfeiture may be stricken off by the production of Dwyer by the surety, or the court may chancer the bonds if the circumstances of the case should require such action.

The city court has no power to chancer.   The county court alone has the power, and that is conferred by the

statute, which is remedial and for the relief of bail. If it were maintainable that the city court has common law jurisdiction of the action, that court would have to render judgment for the full amount of the recognizance, and the surety would be deprived of his right to equitable relief which the county court may afford through its power to chancer. The State could deprive him of this right in all cases where the amount of the recognizance was within the jurisdiction of inferior courts, by bringing suits in those courts.

The statute provides in effect that though the surety failed to file his motion to chancer at the term when the recognizance was forfeited, the inducement is still held out to him to bring in his principal. His right to have the amount reduced as the circumstances may require inhered in the recognizance when given, and continues until final judgment is rendered in the county court; yet, if the city court may intervene, as claimed, while the main case is pending in the county court, with no final judgment rendered, it can deprive the county court of this means of bringing the respondent into court.

*Scire facias* is usually resorted to and must be brought in the court where the record remains, because it is founded upon the recognizance, and must be considered as flowing from it and partaking of its nature. While it is so far original that the defendant may plead to it, it is judicial rather than original, and its real office is to carry into effect the interlocutory judgment, and when final judgment is rendered the whole is to be taken as one record. Bac. Abr. tit. *scire facias*; *Respublica* v. *Corbet*, 3 Dal. 467; *Walsh* v. *Haswell*, 11 Vt. 85; *Shumway* v. *Sargeant*, 27 Vt. 440. In accordance with this view it was held in *Treasurer* v. *Erwin*, Brayt. 218, that *scire facias* would not lie in the county court upon a recognizance taken by a justice of the peace.

It is said in 1 Ch. Pl. 104, that debt is sometimes brought

upon a recognizance of bail, but that the remedy thereon is more frequently by *scire facias*, because in the latter action the proceeding is more expeditious, and the bail have less opportunity of discharging themselves by rendering their principal. Tidd's Prac. 237, 994. It was at one time held in England that debt would not lie in the *same* court because, as it was supposed, it would deprive the bail of the right to *render* his principal, but it was finally decided that the same right of surrender might be allowed in the one action as in the other. See *Com.* v. *Green*, 12 Mass. 1, and cases cited in the opinion; *State* v. *Folsom*, 26 Maine 209. But the right to chancer did not exist at common law. There the surety must bring in his principal or pay the amount of the recognizance. When the right to chancer was given by statute the action of debt was no longer applicable, for the sum to be recovered was then uncertain. In all the cases cited by the defendants' counsel the sums were definite, and we think no case can be found where debt is held maintainable in another court while the right to chancer exists by statute in the court where the recognizance was forfeited.

The course of legislation shows that jurisdiction in such cases was intended by the legislature to be confined to county and supreme courts. Various Acts have been passed for the relief of bail. At the session of 1797, when the common law of England was adopted, an act was passed to moderate its severity in all cases brought in the county or supreme courts to recover the forfeiture annexed to any * * * bond of recognizance, etc., and in actions to recover the penalty or forfeiture annexed to any bond of recognizance given or taken in any criminal cause, and such courts were authorized and empowered to lessen the sum of any such bond or recognizance, and render such judgment thereon as the nature and circumstances of the case required. The same provision has been continued in subsequent laws. The words, "before which such action is pending," which occur in

previous revisions, are omitted in R. L. 1766, and V. S. 2038, evidently as superfluous, as no other court could lessen the sum. The various Acts are referred to upon the brief for the State, and down to the R. L. of 1880 are in chapters defining the powers of the county and supreme courts. In 1805 an additional act was passed which is 2037 V. S. "If a person bound to appear before the county court on a complaint, information, or indictment, does not appear, but forfeits his recognizance, the court shall order a warrant to be issued from time to time to take the body of such person for trial, and the surety of such person may take and deliver him to the officer having such warrant, or to the court that issued it; and on motion to chancer, the court shall consider the same in favor of the surety."

No. 21, laws of 1863, required that the motion to chancer be filed at the term when the recognizance was forfeited. V. S. 2035.

In R. L. and V. S. these various sections are not placed in chapters relating exclusively to supreme and county courts, but they are under the head of "Chancering bonds," and plainly have no reference to any other court. It is only by virtue of § 2036 that county courts in which recognizances were taken have jurisdiction of the action of *scire facias* upon recognizances in criminal cases, forfeited in the supreme court. If the right to bring debt existed at common law, there was no occasion to enact this section. V. S. 2038 gives jurisdiction of actions to recover forfeited recognizances to no other court than that in which the action is pending, and the city court has no more right to the action than it has to call the bonds and declare them forfeited, or to interfere with the execution of the warrant for the respondent's arrest.

> *The pro forma judgment sustaining the demurrer and adjudging the replication insufficient is reversed; demurrer overruled, replication adjudged sufficient, the plea insufficient, and judgment for the plaintiff.*

*Start,* J., dissents.