STATE OF MAINE *vs.* GREGORY P. CASSIDY.

Aroostook.    Opinion March 15, 1926.

*In this State an action of debt as well as scire facias lies upon a criminal recognizance.*

*The provisions of R. S.; Chap. 86, Sec. 88 apply to writs of scire facias.*

This action is not barred by any statute of limitation.

On report on agreed statement of facts. An action of debt upon a recognizance where neither the principal nor the surety appeared at the return term and the principal was defaulted. The only ground set up by the defense was that the action was not seasonably begun. By agreement the case was reported to the Law Court upon an agreed statement of facts with the stipulation that a nonsuit or default was to be ordered as the law and the facts require. Defendant defaulted. Judgment for the State.

The case fully appears in the opinion.

*Cyrus F. Small, County Attorney,* for plaintiff.

*George E. Thompson, James C. Madigan and Ross St. Germain,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

MORRILL, J. This is an action of debt upon a recognizance for the appearance of one Louise Harvey at the April Term 1923 of this court for Aroostook County, to prosecute her appeal from a conviction in the Houlton Municipal Court. The principal did not appear, and the defendant was defaulted at the return term. The default of the principal was entered on the docket at the April Term 1924, but neither principal nor surety appeared at the return term. The writ in this action was sued out August 14, 1924. The sole point set up in defense is, that this action of debt was not seasonably begun; in support of this contention counsel cite R. S., Chap. 86, Sec. 88. That section, however, applies to writs of scire facias. The first clause of that section was originally Sec. 8 of Chap. 67 of Laws of 1821, relating to bail in civil actions; in the revision of 1841 it was transferred to the chapter on the limitation of personal actions. The section was amended by Public Laws, 1859, Chapter 99 by adding the second clause, which is here relied upon, and again amended by Public Laws 1861, Chapter 15, by adding the third and last clause.

In *Hewins* v. *Currier*, 62 Maine, 238, the court said in relation to the first clause: "This limitation is imposed upon that form of remedy upon the supposition that there is no other," and accordingly held that an action of debt will not lie upon a statute bail bond given to a sheriff to obtain release from arrest upon a writ in a civil action, scire facias being the only remedy. It is settled, however, that in this State debt as well as scire facias lies upon a criminal recognizance. *State* v. *Folsom*, 26 Maine, 209. So in Massachusetts, *Com.* v. *Green*, 12 Mass., 1; *Com.* v. *McNeill*, 19 Pick., 138; *Com.* v. *Stebbins*, 4 Gray 25, 26. "A recognizance is a debt upon condition, and on default it is forfeited and becomes a debt due." *Com.* v. *McNeill*, supra.

We know of no statute of limitation barring the present action.

*Defendant defaulted.*
*Judgment for the State.*